## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TEQUILA CENTINELA, S.A. de C.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-02201 (RCL) |
| | ) | |
| BACARDI & COMPANY LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the plaintiff's Motion [14] to Compel Discovery and Motion [15] to Amend the Scheduling Order and Discovery Plan. Upon consideration of the plaintiff's motions, the defendant's opposition [18] thereto, the plaintiff's reply [20] brief, the applicable law, and the entire record herein, the Court concludes that the plaintiffs' Motion to Compel will be GRANTED in part and DENIED in part and the plaintiff's Motion to Amend will be GRANTED. The Court's reasoning is set forth below.

## BACKGROUND

Plaintiff, Tequila Centinela, S.A. de C.V., (Centinela) comes before this Court seeking to compel discovery from Bacardi & Company Limited (Bacardi) on a number of matters. The present case before the Court involves the review of the March 5, 2003, February 24, 2004, and October 19, 2004, Decisions and Orders of the Trademark Trial and Appeal Board (TTAB) to the

1

extent they were adverse to Centinela.  (Pl. Mot. Compel 2.)  Centinela is seeking review of the

TTAB's: Denial of Centinela's motion to amend its application for the CABRITO & GOAT

Design to revise the dates of first use and to narrow the identification of goods therein; denial of

Centinela's motion for summary judgment that there was no likelihood of confusion or dilution

between Centinela's CABRITO & GOAT Design and the CAZADORES mark alleged to be

owned by Bacardi; granting Bacardi's motions to joint as a party plaintiff and amend the Notice

of Opposition; and finding that Bacardi had standing to bring and maintain the Opposition.  (*Id.*)

By separate order this date, this Court ruled on Bacardi's partial motion to dismiss, finding that

as a matter of law, this Court had the subject matter jurisdiction to review all of the rulings of the

TTAB except for the TTAB's denial of Centinela's motion for summary judgment.  Centinela

comes before this Court asking it to compel Bacardi to perform a number of actions and to

extend the period of discovery.

## DISCUSSION

The parties appear to have conferred and met the requirements set forth in Federal Rule of

Civil Procedure 26(f) and Local Rule 16.3, thus the Court is able to reach a decision on the

merits of the motion.  The court explains its grounds for granting or denying the motion to

compel on each issue in the following sections.

### I. The Motion to Compel Bacardi to
### Execute the Parties' Stipulated Protective Order.

Centinela asks this Court to direct Bacardi to immediately return a signed copy of the

Stipulated Protective Order, which Centinela will then "promptly" file with the court.  (Pl. Mot.

Compel 5-6.)  Bacardi claims that it is fully prepared to execute the Stipulated Protective Order

upon the signing of the order by an officer of Centinela who has the power to bind Centinela to

the agreement.  (Def. Opp'n Mot. 4.)  Centinela claims that it has already done so.  (Pl. Reply 3.)

Unfortunately, this Court does not have the power to compel a party to sign a Stipulated

Protective Order.  A stipulation is defined as  "a voluntary agreement between opposing parties

concerning some relevant point."  Black's Law Dictionary 1427 (Deluxe 7th Edition 1999)

(referring to the second listed definition of the word stipulation).  Since a stipulation is

"voluntary," this Court cannot compel a party to voluntarily do something. *See Id.*

    The proper relief this Court could grant would be to issue a Protective Order.

Fed.R.Civ.P. 26(c).  To grant a protective order, a party would have to show good cause as to

why the court should grant such an order.  *See Id.*  To show good cause, the movant must

articulate specific facts to support its request and cannot rely on speculative or conclusory

statements.  *Friends of the Earth v. U.S. Dep't. of Interior*, 236 F.R.D. 39, 41 (D.D.C. 2006)

(quoting *Low v. Whitman*, 207 F.R.D. 9, 10-11 (D.D.C. 2002)). District courts, in assessing the

existence of good cause, must exercise their discretion in light of the relevant facts and

circumstances of a particular case." *Id.* (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S.

589, 599 (1978)). In deciding whether or not to grant a protective order, courts typically weigh

the burdensomeness to the moving party against the need for, and the relevance of, the

information being sought.  *Flanagan v. Wyndham Int'l. Inc.*, 231 F.R.D. 98, 102 (D.D.C. 2005)

(citing *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547, (11th Cir. 1985);

*Insulate Am. v. Masco Corp.*, 227 F.R.D. 427, 432 (W.D.N.C. 2005); *Wyoming v. U.S. Dep't. of

Agric.*, 208 F.R.D. 449, 452-53 (D.D.C. 2002); *Alexander v. F.B.I.*, 186 F.R.D. 71, 75 (D.D.C.

1998).  Reading the three motions and the attached exhibits as a motion for issuing a protective

3

order, this Court could not find what could amount to a claim of harm that would be suffered by either side, should the protective order not be granted. *See Flanagan*, 231 F.R.D. at 105. In particular, upon reading the parties proposed stipulated protective order, the Court would need to speculate to determine what general harm may occur if the alleged "confidential material" became public. (*See* Pl. Mot. Compel Ex. L) Thus, this Court need not even reach a decision weighing the burdensomeness against the need for the information because there are not enough facts to support such a motion. *See Flanagan*, 231 F.R.D. at 102 (citations omitted). Interpreting each party's motions and attached exhibits as motions for a protective order, this Court denies this part of the motion.

## II. The Motion to Compel Bacardi to Serve a Log of Documents Withheld Due to Claims of Privilege or Work Product.

Bacardi, in its reply, stated that it would serve a log of privileged work to Centinela once their Motion to Dismiss is ruled upon.[1]  Since this Court has now ruled on Bacardi's motion to dismiss, this Court will grant Centinela's motion and order Bacardi to turn over a copy of their privilege log to Centinela.

## III. Rule 30(b)(6) Notice of Deposition

There are four basic duties Rule 30(b)(6) bestows upon a deponent.  *See Alexander v. F.B.I.*, 186 F.R.D. 137, 141 (D.D.C. 1998).  First, the deponent has the duty of being knowledgeable on the subject matter identified as the area of inquiry.  *Id.* (citations omitted).

---

[1] "Bacardi will serve a log of documents withheld due to claims of privilege or work product once it has been finally established upon this Court's consideration of Defendant's Motion [17] to Dismiss, what issues raised by Centinela in its Complaint this Court will review. Until Defendant knows what issues are in the case, it cannot know what documents to include in its log."  (Def. Opp'n Mot. 4.)

Second, a deponent is under a duty to designate more than one deponent if it is necessary to do so in order to respond to the relevant areas of inquiry that are specified with reasonable particularity by the plaintiff. *Id.* (citations omitted). Third, the designating party has a duty to prepare the witness to testify on matters not only known by the deponent, but those that should be reasonably known by the designating party. *Id.* (citations omitted). Fourth, the designating party has a duty to substitute an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry. *Id.* (citations omitted). The underlying purpose of Rule 30(b)(6) is to prevent "'bandying,' the practice in which people are deposed in turn but each disclaims knowledge of the facts that are clearly known to persons in the organization and thereby to the organization itself." *Id.* (citing *See* Fed.R.Civ.P. 30(b)(6) Advisory Committee Notes, 1970 Amendment).

Bacardi claims that it will not be knowledgeable about certain areas Centinela wishes to question it about because Bacardi U.S.A., Inc., the importer of Bacardi's CAZADORES product is not a subsidiary of Bacardi, directly or indirectly. (Def. Opp'n Mot. 5.) Bacardi claims that Bacardi Limited, as opposed to Bacardi & Company Limited (the defendant herein), is the ultimate parent for "many Bacardi companies." (Def. Opp'n Mot. 5.) Centinela claims otherwise, providing exhibits that claim that Bacardi & Company Limited have some sort of control over Bacardi U.S.A., Inc.. (*See* Pl. Mot. Compel Ex. X,Y.) Regardless of whatever relation Bacardi has within its own corporate structure, this does not relieve Bacardi of its duty to appear under Rule 30(b)(6), in which a person "shall testify as to matters known or reasonably available to the organization." *See* Fed.R.Civ.P. 30(b)(6). This Court shall not speculate as to what Bacardi may or may not be able to answer and reserves ruling on the answers of Bacardi's

Rule 30(b)(6) witness until that time when the question is ripe for answering.  That time would be when, in fact, Bacardi has provided a Rule 30(b)(6) witness and that witness has given answers to the questions posed to them by Centinela.  Thus, this Court orders Bacardi to provide as many 30(b)(6) witnesses as may be necessary to the relevant areas of inquiry that are specified with reasonable particularity by the plaintiff.  *See Alexander*, 186 F.R.D. at 141.

As for the question as to where the deposition will take place, both parties seem to agree that they, in fact, have agreed to hold the depositions in Washington, D.C..  (*See* Def. Opp'n Mot. 5.) (stating that "the parties agree to hold the depositions in Washington, D.C.")  As a general policy, the Court encourages parties to set depositions in mutually agreeable locations.  *In Re: Vitamins Antitrust Litigation*, 2001 U.S. Dist. LEXIS 24025, at *26 (D.D.C. Nov. 30, 2001).  However, when negotiations break down, the court can serve as a backstop for resolving disputes.  *Id.*  Since the parties appear to have an agreement that the depositions will be taken, in a *quid pro quo* fashion, with each party bringing their Rule 30(b)(6) witnesses to Washington, D.C., the Court sees no reason to compel with regards to the location of the depositions at this point in time.  (*See* Def. Opp'n Mot. 5.)  Since it is the policy of this Court to encourage parties to set the locations of the depositions, per Rule 29, this Court will rule on location at a later time, should such a ruling be necessary.  *See* Fed.R.Civ.P. 29.  However, the Court expects both parties to abide by their agreement.

When the possibility of imposing serious sanctions on the parties arises, the Court need not fire a warning shot over the bow of a party before doing so.  *See Hal Commodity Cycles Management Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987.)  In fact, there is no condition precedent in the Federal Rules of Civil Procedure requiring the Court give such warning, for the

Court has broad discretion. *See Bonds v. District of Columbia*, 93 F.3d 801, 807 (D.C. Cir.

1996); *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991). That being

stated, though this Court makes no such rulings at this time, having read the provided

correspondence between the parties,[2] it wishes to caution both parties that with the involvement

of the courts, upon the issuance of this order, failure to take appropriate action with regards to the

Rule 30(b)(6) witnesses, or any other issues the Court rules on during the process of discovery,

may be punished under Rule 37(b)(2) or any other applicable rule. *See* Fed.R.Civ.P. 37(b)(2); *see*

*also Wilson v. United States*, 221 U.S. 361, 376-377 (1911) (stating that an order to a corporation

is an order to its officers, who, if fail to take appropriate action, are guilty of disobedience and

may be punished for contempt).

In light of the aforementioned reasoning, this Court will grant Centinela's request for an

Order directing Bacardi to produce a knowledgeable representative or representatives under

Federal Rule of Civil Procedure 30(b)(6), to testify to matters known or reasonably available to

Bacardi as listed in Centinela's Notice of Deposition.  However, this Court will deny Centinela's

request to issue an order as to where the depositions will take place.

### IV. <u>Motion to Compel Bacardi to Respond</u>

Trial courts have considerable discretion when handling discovery matters.  *Food Lion*

*Inc. v. United Food and Commercial Workers Intern. Union*, 103 F.3d 1007, 1012 (D.C. Cir.

1997) (citing *Brune v. Internal Revenue Service*, 861 F.2d 1284, 1288 (D.C. Cir. 1988.))  The

scope of discovery itself is broad, allowing for discovery regarding any matter, not privileged,

relevant to a claim or defense.  Fed.R.Civ.P. 26(b)(1)  The term relevance at the discovery stage

---

[2] (*See* Pl. Mot. Compel Ex. R-X.)

7

is a broadly construed term and is given very liberal treatment. *See Id.*; *Chubb Integrated Systems Ltd. v. National Bank of Washington*, 103 F.R.D. 52, 59 (D.D.C. 1984) (citing *see eg. Dykes v. Morris*, 85 F.R.D. 373, 375 (N.D.Ill. 1980); *see also Smith v. Schlesinger*, 513 F.2d 462, 472-473 (D.C. Cir. 1975) (stating that a party may discover information which is not admissible at trial if such information will have some probable effect on the organization and presentation of the moving party's case)).  The treatment of the term is so liberal that relevant information sought need not even "be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed.R.Civ.P. 26(b)(1).  Yet, while the rules of discovery are liberal, discovery does have bounds at the trial level. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947.))

All discovery is subject to the limitations of imposed by Rule 26(b)(2)(i)-(iii).  *See* Fed.R.Civ.P. 26(b)(1).  Furthermore, discovery of matters not "reasonably calculated to lead to the discovery of admissible evidence" are not within the scope of discovery.  *Oppenheimer*, 437 U.S. at 352.  It is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, unless the information sought is otherwise relevant to the issues.  *Id.* Thus, if a claim is stricken, but a request for discovery could be construed to be based on a separate valid claim or defense, discovery will still be permissible.  *See Id.*  The current Federal Rules of Civil Procedure uphold such interpretation, stating: "A variety of types of information not directly pertinent to the incident in suit could be relevant to claims or defenses raised in a given action."  *See* Fed.R.Civ.P. 26 Advisory Committee Notes 2000 Amendment.  Such types of information not directly pertinent, but which still could be relevant may include "other incidents of the same type or [instances] involving the same product."  *Id.*  Ultimately, "the court may

permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested." *Id.*  It is within this framework that we now address Centinela's motion to compel Bacardi to respond to Centinela's Interrogatories, Document Requests and Requests for Admission.

### A. Bacardi's Responses to Centinela's Interrogatories

#### 1. Centinela's Interrogatory 4 and Centinela's Request for Verification.

Centinela in its reply brief stated that it wished to withdraw its request to compel a supplemental response to Interrogatory No. 4.  (Pl. Reply 4.)  This Court denies as moot Centinela's original request to compel a response to Interrogatory No. 4.

Centinela also states that after they filed their motion to compel, Bacardi served a signed verification of its answers to Centinela.  (*Id.*)  Thus, this Court denies as moot Centinela's request to compel Bacardi to serve a signed verification of its answers to Centinela.

#### 2. Centinela's Interrogatories Nos. 2 and 3.

Bacardi, in its answer to Centinela's interrogatories Nos. 2 and 3, objected on the grounds that the interrogatory was over broad and sought privileged information. (Pl. Mot. Compel 11.) Centinela asserts that after the parties' March 27, 2006, telephone conference, Bacardi represented to them that they would supplement both interrogatories.  (*Id.* 12)  Bacardi would supplement interrogatory No. 2 upon the signing of the stipulated protective order and supplement interrogatory No. 3 stating that there were no such investigations made by Bacardi and if documents did exist, they would be privileged.  (*Id.*)  Bacardi, in its opposition motion, stated that their full responses were dependent on this Court's ruling on their motion to dismiss

and if this Court ruled in its favor on the issue of confusion and dilution, Centinela would not be entitled to discovery on these issues.  (Def. Opp'n Mot. 6.)

Without leave of the court or a written stipulation, a party may serve on any other party up to 25 interrogatories.  Fed.R.Civ.P. 33(a)  Interrogatories shall be answered fully unless objected to, in which event the objecting party shall state the reasons for the objection and shall answer to the extent that the interrogatory is not objectionable.  Fed.R.Civ.P. 33(b)(1). Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1). Fed.R.Civ.P. 33(c).

As stated previously, Rule 26(b)(1) is a very broad rule allowing discovery regarding any claim or defense, even allowing discovery of material which would be inadmissible at trial but, at the time of discovery, appears reasonably calculated to lead to admissible evidence.  *See* Fed.R.Civ.P. 26(b)(1).  This Court, upon looking at Interrogatory No. 2, believes that the interrogatory appears reasonably calculated to lead to admissible evidence on the issue of the TTAB's granting of Bacardi's motion to join as a party-plaintiff in the opposition and its finding that Bacardi had standing to bring and maintain the opposition. (Pl. Compl 1(c)(d).)

Upon reading Interrogatory No. 3, this court notes that the question appears to be geared to the question regarding confusion and dilution.  (Pl. Mot. Compel 11.)  Under *Oppenheimer*, were this Court to find that the interrogatory was only relevant to the claim of confusion and dilution, making it not relevant to the issues left in the case, this Court could deny Centinela's motion to compel a response.  *See* 437 U.S. at 352.  However, this Court believes, given the broadness of the scope of discovery, that any marketing investigations made by Bacardi that are not priviledged, may be relevant to the issue of the TTAB's granting of Bacardi's motion to join

10

as a party-plaintiff in the opposition and its finding that Bacardi had standing to bring and

maintain the opposition, as it may be indicative of the length of Bacardi's ownership of the mark.

(Pl. Compl 1(c)(d).)

Bacardi's objection to Interrogatories No. 2 and No. 3 are on the basis that they are over

broad, which without more factual support, is not enough to uphold such a claim. "Once

relevance has been established, '[t]he burden is on the party objecting to the interrogatories to

show that the information sought is not readily available to it.'" *Alexander v. F.B.I.*, 192 F.R.D.

50, 53 (D.D.C. 2000) (citing 8A Charles Alan Wright et al. *Federal Practice and Procedure*

§2174 (2d ed. 1994); *see also Ellsworth Assocs., Inc. v. United States*, 917 F.Supp. 841, 844

(D.D.C. 1996) ("A party opposing discovery bears the burden of showing why discovery should

be denied")). "In order to satisfy its burden, the objecting party must make a specific, detailed

showing of how the interrogatory is burdensome," or in this case, how it is over broad.  *See Id.*

To disclose the nature of this burden, the objector must do more than just state the objection, the

objector must submit affidavits or offer evidence which reveals the nature of the burden.  *Chubb*,

103 F.R.D. at 59-60.  Bacardi has provided no such evidence beyond their vague objection.

Thus, this Court will overrule Bacardi's objection.

Furthermore, if Bacardi is to claim that the response to the interrogatory is confidential or

privileged, Bacardi must comply with Rule 26(b)(5) which states that when a party is claiming a

privilege or protection, the party shall describe the nature of the materials in a way that will

enable the other parties to assess the applicability of the privilege or protection. *See* Fed.R.Civ.P.

26(b)(5).  Since Bacardi has yet to supply any sort of privilege log, the Court will make no

rulings on the merits of their claim and order Bacardi to answer the Interrogatories in full and

11

provide Centinela with a privilege log where appropriate.

Thus, this Court will grant this part of Centinela's motion and order Bacardi to answer these interrogatories to the extent that their answers are not confidential, privileged or work product.[3]   To the extent there is confidential, privileged, or work product involved with answering the interrogatories, this Court as stated previously, will order Bacardi to turn over their privilege logs and comply with Federal Rule of Civil Procedure 26(b)(5).

**B. Bacardi's Deficient Responses to Centinela's Production Requests.**

Centinela pursuant to Rule 34 made a number of Production Requests to Bacardi and now comes before this Court asking that the Court compel production related to twenty-four of their requests.  (Pl. Mot. Compel 11-23.)  Bacardi, in its responses, objected to these requests on a number of grounds.  (*See Id.*)  Centinela claims that after the parties' March 27, 2006, telephone conference, Bacardi stated that they would turn over some of the requested documents after this court ordered the signing of the Stipulated Protective Order.  (Pl. Mot. Compel 11-12.)  In their opposition brief, Bacardi now claims that they object both on their previously stated objections and on the fact that the particular Production Requests relate solely to the issues of confusion, similarity and dilution.  (Def. Opp'n Mot. 7.)

Rule 34 allows any party to serve on any other party a request to produce for the inspection of the requesting party, any designated documents or data compilations from which information may be obtained within the scope of Rule 26(b), that are in the possession, custody or control of the party upon whom the request was served.  *See* Fed.R.Civ.P. 34(a).  With regards

---

[3] As for Bacardi's general objections raised in opposition to the Interrogatories, (Pl. Mot. Compel Ex. D.), this Court overrules them for the reasons set forth later in this opinion addressing Bacardi's same objections made in opposition to Centinela's Requests for Production.

to the term "control," it has been well established that the test for control is not defined as mere possession, but as the legal right to obtain such documents on demand. *Alexander v. FBI*, 194 F.R.D. 299, 304 (D.D.C. 2000) (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *Tavoulareas v. Piro*, 93 F.R.D. 11, 20 (D.D.C. 1981) (both holding that under Rule 34(a), a party must produce those documents that he has a legal right to control or obtain); *see also* 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* §2210 (2d ed. 1994) ( "Inspection can be had if the party to whom the request is made has the legal right to obtain the document, even though in fact it has no copy")).  In order to compel the production of documents, the requesting party must first demonstrate the relevance of the documents if it is not self-evident from the request. *See Alexander v. FBI*, 194 F.R.D. 299, 304 (D.D.C. 2000) (citing *See Alexander v. FBI*, 186 F.R.D. 185, 187 (D.D.C. 1999) (stating that the party must first demonstrate its relevance); *Alexander v. FBI*, 186 F.R.D. 21, 45 (D.D.C. 1998) (same)). As discussed previously, relevancy, as it relates to discovery, is construed broadly. *See Chubb*, 103 F.R.D. at 59 (citing *see eg. Dykes*, 85 F.R.D. at 375; *see also Smith*, 513 F.2d at 472-473)

Due to the number of Requests for Production at issue, the Court will respond to Centinela's motion to compel production in sections.  This Court will first handle the relevance of the requests for production.  After doing so, the Court will then address Bacardi's general and specific objections to each request.

### 1. The Relevance of Centinela's Requests.

In response to Centinela's request for production, Bacardi claimed that these requests related solely to confusing similarity and dilution and that if this Court granted their motion to dismiss on the issue of similarity and dilution, Centinela would not be entitled to discovery on

these issues. (Def. Opp'n Mot. 7.)  Once a relevancy objection has been raised, the party seeking

discovery must demonstrate that the request is within the scope of discovery. *Alexander v. F.B.I.*,

194 F.R.D. 316, 325 (D.D.C. 2000) (citing Fed.R.Civ.P. 26(b)(1); *see also Alexander v. F.B.I.*,

186 F.R.D. 21, 45 (D.D.C. 1998); *Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D.

609, 631 (M.D.P.A. 1997)).  However, the requesting party need only prove the relevancy of the

request if the relevancy is not self evident.  *Cf. Alexander v. F.B.I.*, 194 F.R.D. at 304 (stating

that since the case involved the FBI's mishandling of files of former Reagan and Bush

appointees, it was not self evident what relevance White House passes and security clearances

had to the case); *see also United States ex rel. El-Amin v. George Washington Univ.*, 2001 U.S.

Dist. LEXIS 23438, *4 (D.D.C. 2001) (distinguishing the *Alexander* cases by comparing their

discovery requests which were clearly defined, limited in subject matter, and focused on the

relevant time period to the discovery requests in the *Alexander* cases which were overly broad

and inclusive of irrelevant materials).  In light of *Oppenheimer*, if the requests for production

could be construed to be based on one of the remaining issues of the case, the fraudulent

application or Bacardi's standing, discovery would still be permissible.  *See* 437 U.S. at 352.

Upon reviewing Centinela's Requests for Production, this Court finds all but two of

Centinela's requests relevant under the *Oppenheimer* standard.  *See Id.*  The two requests this

Court takes issue with are Request No. 16 and Request No. 17.  Each one of those requests are

worded so narrowly, they can only be construed to be based on the issue of confusion and

dilution.[4]  This Court looking at the rest of Centinela's Requests for Production believes that the

---

[4] Request for Production No. 16 reads: "Produce those documents supporting Defendant's claim of likelihood of confusion between Plaintiff's Mark and any of Defendant's Marks in the Opposition."  Request for Production No. 17 reads: "Produce those documents supporting

relevancy standard of *Oppenheimer* is met by the rest of the Requests for Production, relating to

at least one or more of the remaining issues in the case. The Court also believes that the

relevancy of these production requests is self-evident and thus will not make Centinela expend

either their resources, or the resources of the Court, in explaining their relevancy. *See Alexander*

*v. F.B.I.*, 194 F.R.D. at 304.

Having established the relevance of Centinela's Requests for Production, the Court now

addresses Bacardi's general and specific objections to each of Centinela's Requests for

Production.

> ### 2. Bacardi's General Objections and Specific Objections to Centinela's Requests Nos. 10, 12-15, 36, and 37 on the grounds that the requests were over broad.

In response to Centinela's first and second Requests for Production, Bacardi objected

generally to the plaintiff's definitions, instructions and admonitions to the extent they were over

broad.  In response to Centinela's Requests Nos. 10, 12-15, 36 and 37, Bacardi specifically

objected on the grounds that the requests were over broad.  Bacardi is correct in stating that a

discovery of a document may be limited if discovery of such document is unduly burdensome.

*See U.S. ex rel. Fisher v. Network Software Associates*, 217 F.R.D. 240, 246 (D.D.C. 2002)

(citing *Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449, 453 (D.D.C. 2002)).  However, the

Court only entertains an unduly burdensome objection when the responding party demonstrates

how the document is "overly broad, burdensome, or oppressive, by submitting affidavits or

---

Defendant's claim in the Opposition of dilution or likelihood of dilution of any of Defendant's
Marks by the registration of Plaintiff's Mark."

offering evidence which reveals the nature of the burden." *Fisher*, 217 F.R.D. at 246 (citing *Athridge v. Aetna Casualty & Surety Co.*, 184 F.R.D. 181, 191 (D.D.C. 1998). The responding party cannot just "'merely state' in a conclusory fashion" that the requests are burdensome. *Id.* (citing *Athridge*, 184 F.R.D. at 191). Upon review of Bacardi's first and second responses to Centinela's Requests for Production, this Court found no affidavits or offerings of evidence that shed any light on how Centinela's requests are over broad. (*See* Pl. Mot. Compel Ex. E, J.) Since the onus is on Bacardi to demonstrate how the requests are over broad, Bacardi's objections on this ground are overruled.

### 3. Bacardi's General Objections and Specific Objections to Centinela's Requests Nos. 7, 12-14, 18-28, 38 on the grounds that the requests are outside of the scope of the <u>Plaintiff's appeal of the October 19, 2004 decision of the TTAB.</u>

In response to Centinela's first and second Requests for Production, Bacardi objected generally to Centinela's requests "to the extent that they exceed the scope of this appeal." (*See* Pl. Mot. Compel Ex. E, J.) In response to Centinela's Requests Nos. 7, 12-14, 18-28, 38, Bacardi specifically objected on the grounds that the requests were outside the scope of the plaintiff's appeal of the October 19, 2004 decision of the TTAB. In a separate memorandum opinion and order this date, this Court ruled that the TTAB's interlocutory opinions denying Centinela's motion to amend and relating to Bacardi's standing, upon issuance of a final judgment on October 19, 2004, merged with the final judgment and are reviewable by this Court. Furthermore, as addressed previously, this Court finds all requests but Request Nos. 16 and 17 relevant to the issues before the Court. Thus, with the exception of Request Nos. 16 and 17, which we decline to rule on with regards to this objection, all of Centinela's Production Requests

16

are within the scope of their appeal.

**4. Bacardi's General Objections and Specific Objections to Centinela's Requests Nos. 4, 7, 10, 12-15, 18-28, 36-38 on the grounds that the requests are seeking either confidential business information, <u>are protected by the attorney client privilege or by attorney work product.</u>**

In response to Centinela's first and second Requests for Production, Bacardi objected generally to Centinela's requests "to the extent they seek confidential business information or information protected by the attorney client privilege or attorney work product." (*See* Pl. Mot. Compel Ex. E, J.)  In response to Centinela's Requests Nos. 4, 7, 10, 12-15, 18-28, 36-38, Bacardi specifically objected that the requests sought confidential information or were protected by the attorney-client or work product doctrines. Bacardi is correct that documents containing confidential information, attorney-client communications or work product may be protected from discovery. *See* Fed.R.Civ.P. 26(b)(3)-(5); *Hickman v. Taylor*, 329 U.S. 495, 508 (1947). However, when a party withholds this information, the party must expressly make the claim and disclose in a manner that does not reveal the privileged information contained within the documents to in a way that enables the other party to assess the applicability of the privilege or protection.  Fed.R.Civ.P. 26(b)(5).  Since Bacardi has not yet turned over their privilege logs, this Court is not in a position to make a ruling on their claims of privilege.  (*See* Def. Opp'n Mot. 4.) Thus, this Court will order Bacardi to turn over all relevant materials not protected by a claim of privilege and to turn over a privilege log as Bacardi has already agreed and this Court has already ordered. (*See Id.*)

**5. Bacardi's Objections to the Requests for Production
Nos. 13, 14, 18, 19, 22-24 to the Extent that Centinela
Failed to File a Timely Appeal and is Barred by the Statute of Limitations.**

In response to Centinela's Requests Nos. 13, 14, 18, 19, 22-24, Bacardi specifically

objected on the grounds that the requests sought information related to the March 5, 2003,

decision of the TTAB and the plaintiff failing to file a timely appeal of that decision pursuant to

15 U.S.C. §1071(b) is now barred by the statute of limitations.  This objection is at odds with the

position that Bacardi has taken with regards to this Court's ability to review the decisions of the

TTAB regarding the issues of fraud in the application and Bacardi's standing.  On one hand,

Bacardi argues that the rulings of the TTAB are non-final interlocutory decisions which may be

reviewed only if "logically related" to the appealable final decision.  (*See* Def. Opp'n Mot. 2.)

(citing *Palisades Pageants, Inc. v. Miss America Pageant*, 442 F.2d 1385, 169 U.S.P.Q. 790

(CCPA 1971), *cert. denied*, 404 U.S. 938 (1971)).  Yet in their response to Centinela's Requests

for Production, Bacardi claims Centinela is precluded discovery because they did not treat these

"non-final interlocutory decisions" as final decisions and appeal immediately.  (*See Id.*)

Notwithstanding Bacardi's contradictory positions, Bacardi's objections are overruled.  A

dispositive, final decision, is one which ends the litigation on the merits and leaves nothing for

the court to do but execute judgment.  *Caitlin v. United States*, 324 U.S. 229, 233 (1945).  In

light of Exhibit A submitted with the plaintiff's (Centinela's) Statement of Points and Authorities

in Opposition to Defendant's (Bacardi's) Motion to Dismiss In Part, the Court sees nothing that

amounts to a dispositive, final decision being issued by the TTAB on March 5, 2003.  In fact, the

decision of the TTAB stated the opposite of a final decision, establishing discovery deadlines and

trial dates.  (Pl.'s Opp'n Mot. Ex. A.)  Thus, the TTAB's March 5, 2003, decision was

18

interlocutory in nature when issued and unappealable upon issuance.  In the separate memorandum opinion and order issued this date, this Court ruled that the interlocutory rulings of the TTAB merged with the final judgment issued on October 19, 2004, subject to what is reviewable on appeal.  Thus, having been merged with the October 19, 2004, decision of the TTAB, and having appealed in a timely fashion, Bacardi's objection is overruled.

### 6. Bacardi's Objection to the Request for Production No. 38 on the ground that they have no greater access to such documents.

In response to Centinela's Request for Production No. 38, Bacardi objected, in part, on the grounds that they have no greater access to the documents than Centinela other than to those documents that are confidential or subject to the attorney client privilege.[5]  Since Bacardi has not turned over their privilege logs to Centinela, this Court has no basis from which to evaluate such an opinion.  Furthermore, Federal Rule of Civil Procedure 26(b)(2)(i) states that the court may limit discovery requests if the discovery sought "is obtainable from some other source that is more convenient, less burdensome, or less expensive."  Typically, courts do not order discovery of public records which are equally accessible to all parties.  *Krause v. Buffalo and Erie County Workforce Development Consortium*, 425 F.Supp.2d 352, 374-375 (W.D.N.Y. 2006) (citing *Securities and Exchange Commission v. Samuel H. Sloan & Co.*, 369 F.Supp. 994, 995 (S.D.N.Y. 1973).  In light of this, the Court will order that, aside from turning over their privilege log, Bacardi must provide all materials relevant to Request for Production No. 38 that are not public records.

---

[5] Request No. 38 reads: "Produce those documents relating to the maintenance of Defendant's United States Registration No. 1,863,882 including all Petitions, Declarations, specimens and correspondence filed in connection therewith in the United States Patent and Trademark Office."

19

### 7. Bacardi's Objection to Request for Production No. 8 on the Basis that Bacardi Believes No Such Document to Exist.

In response to Centinela's Request for Production No. 38, Bacardi responded to Centinela's Request for Production on the basis that Bacardi believes no such documents to exist. Bacardi cannot be ordered to turn over something that they do not have in their possession, custody or control.  Rule 34 specifies that any designated documents or data compilations from which information may be obtained within the scope of Rule 26(b), that are in the possession, custody or control of the party upon whom the request was served, are subject to discovery.  *See* Fed.R.Civ.P. 34(a).  The term "control," has been defined as the legal right to obtain such documents on demand.  *Alexander v. FBI*, 194 F.R.D. 299, 304 (D.D.C. 2000) (citing *Searock*, 736 F.2d at 653; *Tavoulareas*, 93 F.R.D. at 20 ; *see also* 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* §2210).  If a document is not in the possession, custody or control of a party, then it clearly cannot be turned over. *Cf.* Fed.R.Civ.P. 34(a).  In light of this, the Court will order discovery only as to what Bacardi is able to provide.

### 8. Bacardi's General Objections to the Requests for Production to the Extent that they are Beyond the Scope of the Federal Rules of Civil Procedure.

In response to Centinela's first and second Requests for Production, Bacardi objected generally to Centinela's requests to the extent that they are beyond the scope of the Federal Rules of Civil Procedure.  Rule 34 clearly states that if an objection is made, the reasons for "the objection shall be stated." Fed.R.Civ.P. 34(b).  This Court will not raise objections for Bacardi and overrules Bacardi's objection on those grounds.

**9. Bacardi's General Objections to the Requests for Production on the
basis that the requests call for information outside of the
United States or involves facts or activities outside of the United States.**

In response to Centinela's first and second Requests for Production, Bacardi objected

generally to Centinela's requests on the basis that the requests call for information outside of the

United States or involves facts or activities outside of the United States.  With regard to the

Federal Rules of Civil Procedure, the Court is aware of no rule which precludes discovery of

ordinarily discoverable material, solely on the basis that it calls for information outside of the

United States or involves facts or activities outside of the United States.  (*See* Pl. Mot. Compel

Ex. E, J.)  Furthermore, courts in the D.C. Circuit have upheld the discovery of facts or activities

outside of the United States on a number of occasions.  *See Laker Airways Ltd v. Pan American

World Airways*, 103 F.R.D. 42, 47 (D.D.C. 1984); *Societe Internationale Pour Participations

Industrielles Et Commerciales, S.A. v. McGranery*, 11 F.R.D. 44 (D.D.C. 1953).  In fact, courts

here have gone as far as to say that "it is not *ipso facto* a defense to a discovery request that the

law of a foreign country may prohibit production or disclosure."  *See Laker*, 103 F.R.D. at 47.

"Even if a foreign government were itself a party, it must conform to the law of the forum and

make discovery upon order of the court."  *Societe*, 11 F.R.D. 44, 53 (citing *Rothschild v. Queen

of Portugal*, 160 Eng.Rep. 838 (exch., 1839); *Republic of Haiti v. Plesch*, 88 N.Y.S.2d 9 (N.Y.

1949)).  Given the broad reach of discovery, documents may be in the control of a party even if

the documents are located abroad.  *In re Flag Telecom Holdings, Ltd. Securities Litigation*, 236

F.R.D. 177, 180 (S.D.N.Y. 2006) (citing *Marc Rich & Co., A.G. v. United States*, 707 F.2d 633,

667 (2d Cir. 1983), *cert. denied*, 463 U.S. 1215 (1983); *see Cooper Indus. Inc. v. British

Aerrospace, Inc.,* 102 F.R.D. 918, 920 (S.D.N.Y. 1984)).  Thus, to the extent that the information

21

is relevant to the present case before this Court, with relevance being defined broadly, this Court overrules Bacardi's objection.  *See* Fed.R.Civ.P. 26(b)(1) (defining relevance broadly).

In light of the aforementioned reasoning overruling Bacardi's objections, this Court will order Bacardi to produce those documents responsive to Centinela's requests in as much as they are not confidential, privileged or work product.  As for those protected documents, the Court will order that Bacardi comply with Federal Rule of 26(b)(5) and describe the nature of the materials in a way that will enable the other parties to assess the applicability of the privilege or protection.

## C. **Bacardi's Responses to Centinela's Requests for Admissions.**

Rule 36(a) of the Federal Rules of Civil Procedure allow a party to serve upon any other party a written request for admission of the truth of any matters that relate to statements, opinions of fact or the application of law to fact, within the scope of Rule 26(b)(1).  A denial shall fairly meet the substance of the requested admission. Fed.R.Civ.P. 36(a).  The party who has requested the admissions may move to determine the sufficiency of the answers or objections.  *Id.*  Unless the court determines that an objection is justified, it shall order that an answer be served.  *Id.*  The court may order either that the matter is admitted or that an amended answer be served.  *Id.*  In light of these portions of Rule 36, the Court now addresses Bacardi's responses to Centinela's requests for admission.

### 1. **Bacardi's Response to Request 28.**

Bacardi, in response to Request 28, appears to have given four separate reasons as to why

it will not admit or deny the request for admission.[6]  In response to the request, Bacardi first

objected to the request as being beyond the scope of the October 19, 2004, decision of the TTAB.

*Id.*  In the same response, Bacardi also stated that the defendant is without sufficient knowledge

to admit or deny.  *Id.*  In its representation to Centinela on March 27, 2006, Centinela claims

Bacardi continued to refuse to admit or deny and asserted Bacardi's stance that this is a matter

that will have to be resolved by the Court.[7]  (Pl.'s Mot. Compel 23.)  Subsequently, in their

Opposition Motion, Bacardi asserted that Centinela's Requests for Admission Nos. 28, 31-42, 61

and 62 related solely to the issues of confusing similarity and dilution and if their motion to

dismiss was granted, Centinela would not be entitled to discovery on these issues. (Def. Opp'n

Mot. 7.)

In light of the Supreme Court's ruling in *Oppenheimer* and the wording of the request for

admission, this Court agrees with Bacardi that Request No. 28 appears to deal solely with the

issue of confusion and dilution.  *See* 437 U.S. at 352.  Given the specificity of the question asked,

the information sought does not appear otherwise relevant to the issues of Bacardi's standing or

the TTAB's denial of Centinela's motion to amend.  *See Id.*  Thus, this Court will not compel

Bacardi to answer Request No. 28 and will reserve making any rulings on the merits of Bacardi's

other objections to Request No. 28.

---

[6] Request 28 reads: "Admit that the animal shown in the CABRITO & Design mark of Application Serial No. 76/112,825 is a goat (*see* Exhibit I)."  (Pl. Mot. Compel 23.)

[7] Centinela's claims that Bacardi's made the following representation on March 27, 2006: "Bacardi continues its refusal to admit or deny whether the animal shown in the CABRITO & Design mark of Application Serial No. 76/112,825 is a goat in responding to Admission Request No. 28. This matter will have to be resolved by the Court." (Pl.'s Mot. Compel 23.)

## 2. Bacardi's Response to Requests Nos. 31-42.

In response to Centinela's Request for Admissions Nos. 31-42, Bacardi responded: "Defendant denies that it directly sells its goods." (Pl. Mot. Compel 24-25.)  Centinela claims that by giving such a response, Bacardi has provided only a partial answer, failing to distinguish between direct or indirect promoting.  (*Id.* at 25.)  As previously mentioned, Bacardi asserted that Centinela's Requests for Admission Nos. 28, 31-42, 61 and 62 related solely to the issues of confusing similarity and dilution and if their motion to dismiss was granted, Centinela would not be entitled to discovery on these issues.  (Def. Opp'n Mot. 7.)  Bacardi also stated that they used the term "directly" as "not to be deceptive or to suggest that Defendant's marks are not promoted in the manners set forth in the requests."  (*Id.*)  Bacardi claims it sought to distinguish that it does not directly involve itself with the CAZADORES branded goods but rather authorizes others to do so.  (*Id.*)  Centinela responded to this statement by asking that the court have Bacardi clarify its answers.  (Pl. Reply 6.)  Centinela also brought to light that Bacardi, in making statements to "avoid its discovery obligations," did nothing to refute that it may be engaging in naked licensing.  [8] (*Id.* 6-7.)

On their face, Request for Admissions Nos. 31-42 appear to be relevant to the TTAB's finding that Bacardi had standing to maintain the Opposition.  Thus, while Centinela's request for this Court to review the TTAB's denial of their motion for summary judgment was dismissed, the information sought is otherwise relevant to the issues and could be construed to be based on a separate valid claim.  *See Oppenheimer*, 437 U.S. at 352.  Having established that the Requests

---

[8] At the present time, this Court will not address Centinela's claims as to whether Bacardi is engaging in naked licensing.

for Admissions are relevant, the next question to address is whether or not Bacardi's response was complete.

In responding to Request for Admissions Nos. 31-42, Bacardi failed to give complete answers. "When good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Fed.R.Civ.P. 36(a). When a party moves for a judicial determination of the sufficiency of the answers and whether any objections were justifiable, the Court considers whether any of the qualifications were made in good faith. *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 138 (D.D.C. 2005) (citing *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988)). While it is permissible under the rule to qualify answers which are only partly correct, hair-splitting disingenuous distinctions are inappropriate. *Kendrick v. Sullivan*, 1992 WL 119125 *2 (D.D.C. 1992) (citing *Thalheim*, 124 F.R.D. at 35). As a matter of course, answers that are evasive must be amended. *Tri-State*, 226 F.R.D. at 138 (citing *Havenfield Corp. v. H & R Block, Inc.*, 67 F.R.D. 93, 97 (W.D. Mo. 1973)).

In light of Bacardi's own opposition motion, this Court believes that while Bacardi may have qualified their answer in good faith, Bacardi failed to completely answer the request. (*See* Def. Opp'n Mot. 8.) The Request for Admissions made no distinctions between direct and indirect selling or promoting. (Pl. Mot. Compel 24-25.) Yet, in giving a qualified answer, Bacardi in its response never addressed their role regarding indirect selling or promoting. (*See Id.*) This is in violation of Rule 36 which, as aforementioned, clearly states that the answering party will "qualify or deny the remainder." Fed.R.Civ.P 36(a). Thus, this Court will order Bacardi to serve full and complete responses to Centinela's Requests for Admissions Nos 31-42.

### 3. Bacardi's Response to Requests Nos. 61 and 62

In response to Centinela's Request for Admissions Nos. 61 and 62, Bacardi claimed that the requests were beyond the scope of the October 19, 2004, decision of the TTAB.  (Pl. Mot. Compel 26.)  Bacardi's supplemental responses to Centinela's first requests for admission was that it was "without sufficient knowledge to admit or deny."  (*Id.*) (citing Ex. K).  Centinela asserts this is an insufficient response because Bacardi failed to state whether it made a reasonable inquiry pursuant to Federal Rule of Civil Procedure 36(a).  Bacardi in its motion also grouped Request Nos. 61-62 as requests relating to confusion and dilation, issues Centinela would not be entitled to discovery on were their motion to dismiss granted on the subject matter. (Def. Opp'n Mot. 7.)

Centinela's Request for Admissions Nos. 61 and 62 are within the scope of the October 19, 2004, decision of the TTAB. As mentioned previously, this Court has separately ruled, that the interlocutory rulings of the TTAB, upon issuance of the October 19, 2004, ruling merged with the final judgment, making all of the decisions of the TTAB within the scope of this appeal, subject to what is reviewable. Furthermore, Requests for Admissions Nos. 61 and 62 appear to be relevant to the TTAB's finding that Bacardi had standing to maintain the Opposition. Thus while Centinela's request for this Court to review the TTAB's denial of their motion for summary judgment was dismissed, the information sought is otherwise relevant to the issues and could be construed to be based on a separate valid claim. *See Oppenheimer*, 437 U.S. at 352.  Having established that the Requests for Admissions are both within the scope of the October 19, 2004 ruling of the TTAB and relevant to the remaining issues in this case, the next question to address is whether Bacardi's supplement responses are sufficient.

26

In order to use lack of knowledge as a reason for neither admitting or denying a request, a party must both assert that it has made a reasonable inquiry and that the information known or readily obtainable by the party is insufficient to fashion a response. *Kendrick*, 1992 WL 119125 *3 (citing Fed.R.Civ.P. 36(a); *Thalheim*, 124 F.R.D. at 37).  In *Kendrick,* the court stated that a duty to make "reasonable inquiry" includes both an investigation of officers, administrators, agents and employees who may have information which may lead to a response and a review of relevant documents and regulations.  *Id.* (citing *Diederich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990)).  Upon making such "reasonable inquiry" and finding insufficient information to either admit or deny, Fed.R.Civ.P. 36(a) requires that the party "state" that they have made a reasonable inquiry and are unable to admit or deny.  Clearly, Bacardi's responses are deficient and they must serve complete responses upon Centinela.

### D. Request to Amend Scheduling Order

Pursuant to both Federal Rule of Civil Procedure 6(b) and 16(b), in light of this Court's ruling on Centinela's Motion to Compel, this Court grants Centinela's request to extend the discovery period by 90 days following the issuing of this decision.

### CONCLUSION

For the aforementioned reasons the Court will GRANT Centinela's motion to compel discovery and ORDER Bacardi to: Serve a log of documents withheld due to claims of confidentiality, privilege or work product; produce for deposition a knowledgeable representative or representatives under Federal Rule of Civil Procedure 30(b)(6), to testify as to matters known or reasonably available to Bacardi; serve full and complete responses to Centinela's

27

Interrogatories Nos. 2 and 3 to the extent the information is not privileged; produce documents responsive to Centinela's Requests for Documents and Things Nos. 4, 7, 8, 10, 12-15, 18-28, 36-38 to the extent required by this opinion; and serve full and complete responses to Centinela's Requests for Admissions Nos. 31-42, 61 and 62.

Furthermore, the Court will DENY Centinela's motion to: Order Bacardi to execute and return the parties' Stipulated Protective Order and will deny in its assumed form, Centinela's motion for Protective Order; order that the 30(b)(6) depositions be taken in Washington, D.C.; serve full and complete responses to Centinela's Interrogatory No. 4 as moot; serve a verification of Bacardi's responses to Centinela's interrogatories as moot; produce documents responsive to Centinela's Request for Documents Nos. 16 and 17; and serve full and complete responses to Centinela's Requests for Admission No. 28.

Lastly, it is FURTHER ORDERED that the March 7, 2005 Scheduling Order and Discovery Plan be amended and that the close of discovery be extended 90 days following the entry of this order.

A separate order shall issue this date.

Signed by Royce C. Lamberth, United States District Court Judge, March 29, 2007.