## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEQUILA CENTINELA, S.A. DE C.V., ) | |
| Kilometro 2.5 ) | |
| Carretera Arandas-Tepatitlan ) | |
| Arandas, Jalisco ) | |
| Mexico 47180 ) | |
| ) | |
| Plaintiff,　　　) | Civil Action No. 1:04CV002201 (RCL) |
| ) | |
| v.　　　) | |
| ) | |
| BACARDI & COMPANY LIMITED, ) | |
| claimed successor in interest to ) | |
| GRUPO INDUSTRIAL TLAJOMULCO ) | |
| S.A. de C.V. f/k/a TEQUILA CAZADORES ) | |
| S.A. de C.V., ) | |
| 1000 Barcardi Road ) | |
| Nassau ) | |
| Bahamas ) | |
| ) | |
| Defendant.　　　) | |
| ) | |

## PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY AND TO AMEND SCHEDULING ORDER AND DISCOVERY PLAN AND MOTION FOR SANCTIONS WITH STATEMENT OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

I.   MOTION ................................................................................................................... 1

II.  BACKGROUND ...................................................................................................... 2
   A.   Nature of the Action............................................................................................. 2
   B.   Motions to Compel Discovery and to Dismiss .................................................... 3
   C.   Good Faith Efforts to Obtain Bacardi's Compliance with the Court's March 29, 2007
Orders.................................................................................................................... 5

III. FURTHER DISCOVERY RESPONSES SOUGHT .............................................. 7
   A.   Confidential Documents ...................................................................................... 8
   B.   Producing Documents in Compliance with Rule 34(b), Fed. R. Civ. P. ............. 9
   C.   Responses to Centinela's Interrogatories Nos. 2 and 3....................................... 10

IV.  REQUEST FOR SANCTIONS .............................................................................. 12

V.   REQUEST TO AMEND SCHEDULING ORDER ............................................... 14

VI.  CONCLUSION....................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Jankins v. TDC Management Corp., Inc.,*
    21 F.3d 436(D.C. Cir. 1994) ................................................................................................... 13

*Monroe v. Ridley,*
    135 F.R.D. 1 (D.D.C. 1990)..................................................................................................... 14

*Shepherd v. American Broad. Cos.,*
    62 F.3d 1469 (D.C. Cir. 1995) ................................................................................................ 12

*Stiller v. Arnold*, 167 F.R.D. 68 (N.D. Ind. 1996) ......................................................................... 9

*Tequila Centinela, S.A. v. Bacardi & Co. Ltd.,*
    2007 U.S. Dist. LEXIS 22854 (D.D.C. Mar. 29, 2007)............................................................ 4

***Tequila Centinela, S.A. v. Bacardi & Co. Ltd.,*
    2007 U.S. Dist. LEXIS 22887 (D.D.C. Mar. 29, 2007)................................................... passim

**Rules**

Local Civ. R. 7 ............................................................................................................................ 1, 2

Rule 6, Fed. R. Civ. P. ............................................................................................................... 1, 14

Rule 16, Fed. R. Civ. P. ............................................................................................................. 1, 14

Rule 26, Fed. R. Civ. P. ......................................................................................................... 1, 8, 11

Rule 30(b)(6), Fed. R. Civ. P. ................................................................................................. passim

Rule 33, Fed. R. Civ. P. .................................................................................................................. 1

Rule 34, Fed. R. Civ. P. ........................................................................................................... passim

Rule 37, Fed. R. Civ. P ............................................................................................ 1, 12, 13, 14, 15

## I.  MOTION

For the second time, Plaintiff, Tequila Centinela, S.A. de C.V. ("Centinela"), herein moves, under Rules 6, 16, 26, 33, 34, and 37, Fed. R. Civ. P., and Local Civ. R. 7, for an Order directing Defendant, Bacardi & Company Limited ("Bacardi"), to:

(1)     Produce all documents withheld on the grounds of confidentiality,

(2)     Serve a list of documents produced corresponding to the categories of Centinela's Document Requests, and

(3)     Respond in full to Centinela's Interrogatories Nos. 2 and 3 (and produce the documents referred to in Bacardi's answers thereto).

In addition, Centinela requests that the Court impose sanctions upon Bacardi for its violations of the Court's March 29, 2007 Discovery Order, including:

(1)     An Order establishing that Bacardi has failed to show a valid chain of title of the acquisition of the CAZADORES and DEER Design marks from Grupo Industrial Tlajomulco S.A. de C.V. f/k/a Tequila Cazadores S.A. de C.V. to Bacardi or to any other Bacardi entity;

(2)     An Order refusing to allow Bacardi to oppose Centinela's claim that Bacardi does not have standing to maintain the Opposition proceedings below;

(3)     An Order striking Bacardi's Third, Sixth, Eighth, Ninth, and Tenth Affirmative Defenses to the extent that they are based upon Bacardi's ownership of the CAZADORES and/or DEER Design marks and Bacardi's standing to maintain the Opposition proceedings below; and

(4)     An Order awarding reasonable expenses, including attorney's fees, related to this Motion and Centinela's first Motion to Compel Discovery; and

(5)     Any other relief the Court deems appropriate.

Discovery is scheduled to close on June 29, 2007.  Due to Bacardi's continued delays and failure to fully comply with the Court's March 29, 2007 Discovery Order, Centinela requests that the Court vacate the current discovery deadline of June 29, 2007, and re-set the close of discovery for 90 days following the Court's decision on this Motion.

Pursuant to Local Civ. R. 7(m), the parties have conferred in good faith (by correspondence and by telephone) to resolve Bacardi's non-compliance with the Court's March 29, 2007 Order.  Hudis Decl., Exs. A – C.  This Motion most likely will be opposed.

## II.    BACKGROUND

### A.    Nature of the Action

Centinela has sought review and reversal of the March 5, 2003, February 24, 2004, and October 19, 2004 Decisions and Orders of the Trademark Trial and Appeal Board (the "TTAB" or the "Board"), to the extent they were adverse to Centinela, in Opposition No. 91/125,436 (the "Opposition"):

a)    deferring and ultimately denying Centinela's motion to amend Application Serial No. 76/112,825 for the mark CABRITO & GOAT Design (the "CABRITO Application"), to revise the dates of first use and to narrow the Identification of Goods therein;

b)    denying Centinela's motion for summary judgment that there is no likelihood of confusion and no dilution as between Centinela's CABRITO & GOAT Design mark and the various marks comprising and/or incorporating the term CAZADORES (with and without other terms and/or designs) for tequila, as cited in the underlying Opposition;[1]

---

[1] On March 29, 2007, this Court dismissed Centinela's appeal with respect to the Board's denial of Centinela's summary judgment motion.

c)      granting Bacardi's motions to join as a party-plaintiff in the Opposition, to amend the Notice of Opposition to assert a claim of fraud in the filing of the CABRITO Application, and for summary judgment on Bacardi's amended claim of fraud; and

d)      finding that Bacardi had standing to bring and maintain the Opposition.

Centinela also seeks a determination by the Court that:

a)      Centinela was entitled to amend the CABRITO Application during the course of the Opposition to revise the dates of first use and narrow the Identification of Goods;

b)      summary judgment should have been granted to Centinela, on the issues of no likelihood of confusion and no dilution;[2]

c)      the Board's finding of fraud, on Bacardi's motions to amend the Notice of Opposition and for summary judgment, was based upon a lack of substantial evidence and a misapplication of applicable law; and that

d)      Bacardi did not have standing to maintain the Opposition.

**B.      Motions to Compel Discovery and to Dismiss**

On March 24, 2006, Centinela filed a motion to compel discovery requesting that the Court order Bacardi, *inter alia,* to:  execute the parties' Stipulated Protective Order; serve a log of documents withheld due to claims of privilege or work product; produce for deposition a knowledgeable representative or representatives under Rule 30(b)(6), Fed. R. Civ. P.; to respond in full to Centinela's Interrogatories; produce documents responsive to Centinela's Requests for Production of Documents and Things; and respond properly and in full to Centinela's Requests for Admissions.  Court Docket Nos. 14 – 16, 18, and 20.  On May 1, 2006, Bacardi filed a

---

[2] As previously noted, on March 29, 2007, this Court denied Centinela's request for relief to the Baord's denial of Centinela's summary judgment motion.

motion to dismiss Centinela's requests to review non-final decisions of the TTAB and a motion to compel discovery.  Court Docket Nos. 17, 19, 22, 23, 27, and 28.

On March 29, 2007, the Court ruled upon the parties' motions to compel discovery and Bacardi's motion to dismiss.  The Court granted-in-part and denied-in-part Bacardi's motion to dismiss.  The Court dismissed Centinela's request for a review of the TTAB's denial of its motion for summary judgment of no likelihood of confusion and no dilution.  The Court denied Barcardi's request to dismiss Centinela's request for a review of the TTAB's decisions that: (a) denied Centinela's motion to amend the "CABRITO Application" to revise the dates of first use and to narrow the Identification of Goods therein, (b) granted Bacardi's motion to join as a party-plaintiff in the Opposition, and (c) found that Bacardi had standing to bring and maintain the Opposition.  *Tequila Centinela, S.A. v. Bacardi & Co. Ltd.*, 2007 U.S. Dist. LEXIS 22854 (D.D.C. Mar. 29, 2007) ("*Centinela II*") and Court Docket. No. 29.

The Court also granted-in-part and denied-in-part Centinela's motion to compel discovery.  The Court ordered Bacardi to: (a) serve a privilege log, (b) produce for deposition a knowledgeable representative under Rule 30(b)(6), Fed. R. Civ. P.; (c) serve full, complete, and non-privileged responses to certain of Centinela's interrogatories; (d) produce documents responsive to certain of Centinela's document requests; and (e) serve full and complete responses to certain of Centinela's requests for admissions.  *Tequila Centinela, S.A. v. Bacardi & Co. Ltd.*, 2007 U.S. Dist. LEXIS 22887 (D.D.C. Mar. 29, 2007) ("*Centinela I*") and Court Docket No. 31. The Court denied Bacardi's motion to compel discovery, for failure to comply with Local Civil Rule 7(m).  Court Docket No. 34.

C.    **Good Faith Efforts to Obtain Bacardi's Compliance with the Court's March 29, 2007 Orders**

On the day of the Court's rulings, Centinela's counsel began a dialogue with Bacardi's counsel regarding Bacardi's compliance with the Court's March 29, 2007 Discovery Order. Hudis Decl., Ex. A, p. 21.  The dialogue continued through April 25, 2007.  Hudis Decl., Exs. A – C.  Bacardi has given token supplemental discovery responses in half-hearted compliance with the Court's March 29, 2007 Discovery Order.  On April 12, 2007, the deadline for Bacardi to comply with the Court's Order, Bacardi: (1) served separate privilege and confidentiality logs of withheld documents, (2) provided incomplete supplemental responses to Centinela's Interrogatories and Requests for Production of Documents and Things; and (3) designated a representative allegedly knowledgeable about the topics listed in Centinela's Notice of Deposition under Rule 30(b)(6), Fed. R. Civ. P.   Hudis Decl., Ex. B.[3]  Bacardi refused to fully comply with the Court's clear order to "produce documents responsive to Centinela's Request for Document and Things."  Court Docket No. 31, p. 2.

As noted previously, along with Bacardi's privilege log, Bacardi served a log of documents being withheld under a claim of confidentiality.  Hudis Decl., Ex. D.  The log contains a listing of 292 items with document Bates numbers totaling approximately 1,000 pages.  *Id.*  On the day it was served, Centinela put Bacardi on notice that Bacardi's purportedly confidential documents were relevant and were being improperly withheld.  For example, documents withheld on the grounds of confidentiality include:  certificates and articles of incorporation, documents regarding publicly filed trademark disputes, cease and desist correspondence to alleged infringers of the CAZADORES brand, and publicly filed corporate merger documents.   Of particular note is an entry entitled "CAZADORES Acquisition

---

[3] Bacardi's supplemental admissions' responses are not part of Centinela's present motion.

documents binder," a 600-page grouping of documents that Centinela believes contain information about Bacardi's alleged acquisition of the CAZADORES brand and related marks (such as the DEER Design). Hudis Decl., Ex. A, p. 8., Ex. D., p. 16.

Centinela has offered numerous times a simple remedy to Bacardi's unjustified withholding of confidential materials – that Bacardi sign the parties' Stipulated Protective Order and return it for filing with the Court.  Hudis Decl., Ex. A, pp. 1, 5, 9, 11, 15, and 17.  Bacardi, time and time again, has avoided returning the fully signed Stipulated Protective Order by stating that Bacardi's counsel has been waiting for a response from Bacardi.  *Id.* at 3 and 16.  This is disingenuous. The Stipulated Protective Order was sent to Bacardi on March 29, 2006, and was a subject of Centinela's first motion to compel discovery.  Bacardi has been well aware of the Stipulated Protective Order for over year.  The answer of "waiting for a response" for over a year is in fact a refusal to sign.

The Court stated, in its Discovery Rulings of March 29, 2007, that "[s]ince a stipulation is 'voluntary,' this Court cannot compel a party to voluntarily do something." *Centinela I* at *4. The Court then noted that "[t]he proper relief this Court could grant would be to issue a Protective Order.*"* After reviewing the papers submitted, the Court ruled that "this Court could not find what could amount to a claim of harm that would be suffered by either side, should the protective order not be granted. … Interpreting each party's motions and attached exhibits as motions for a protective order, this Court denies this part of the motion."  *Id.* at *5 – 6. Therefore, Bacardi has no justifiable reason not to produce all the documents listed on its "confidentiality" log.

Given Bacardi's on-again-off-again (and only partial) discovery compliance, Centinela is unable to discern whether Bacardi has produced <u>all</u> its documents responsive to Centinela's

document requests that the Court ordered Bacardi to produce.  Bacardi's production of its documents clearly has not been in compliance with Rule 34(b), Fed. R. Civ. P.   Bacardi's documents have not been produced "as kept in the usual course of business."  Centinela therefore requested that Bacardi comply with the alternative form of production by organizing and listing by Bates numbers those of its documents corresponding to each category of Centinela's document requests.  Hudis Decl., Ex. A, p. 5, Ex. B, p. 2. Bacardi refused to comply with this request.  Hudis Decl., Ex. C.

Because Bacardi has improperly withheld documents on the grounds of confidentiality and refuses to comply with Rule 34(b), Fed. R. Civ. P., Centinela was forced to adjourn *sine die* its Court-ordered Rule 30(b)(6), Fed. R. Civ. P., depositions of Bacardi's representative(s).  Hudis Decl., Ex. B., p. 1.

Finally, the Court ordered Bacardi to "serve full and complete responses to Centinela's Interrogatories Nos. 2 and 3 to the extent that the information is not privileged and to include in their log of documents withheld due to claims of privilege or work product, those documents which are protected."  Court Docket No. 21, pp. 1 – 2.  Bacardi has not complied with the Court's clear Order.  Bacardi's interrogatory answers remain deficient.  Hudis Decl., Ex. A, p. 5, Ex. B. p. 2.

## III.   FURTHER DISCOVERY RESPONSES SOUGHT

This is the second time Centinela has been forced to come to the Court seeking relief for Bacardi's continued non-compliance with Centinela's discovery requests.  The Court warned Bacardi that serious sanctions may arise.  *Centinela I* at *10.  Centinela is requesting sanctions for Bacardi's willful violation of the Court's previous Discovery Order.  *See* Sec. IV below.  In addition, Centinela seeks further discovery responses from Bacardi as stated below.

###### A.      Confidential Documents

Previously, Centinela requested that the Court compel Bacardi to serve a signed Stipulated Protective Order.  The Court denied the request stating that "[s]ince a stipulation is 'voluntary,' this Court cannot compel a party to voluntarily do something."  *Centinela I* at *4. To this day, Bacardi refuses to sign and return the Stipulated Protective Order.  Moreover, Bacardi has refused to comply with this Court's Order to "produce documents responsive to Centinela's Requests for Documents and Things" by withholding documents under a claim of confidentiality.  This is a conundrum of Bacardi's own creation – withholding documents under the cloak of confidentiality but refusing to sign a Stipulated Protective Order that would safeguard the confidentiality of those same documents.  Bacardi's withholding of documents on the basis of confidentiality is unjustifiable and improper.  Rule 26(b)(1), Fed. R. Civ. P. ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.")

If Bacardi wanted to prevent disclosure of its confidential documents, Bacardi should have sought a Protective Order.  Rule 26(c), Fed. R. Civ. P.  For the Court to grant a Protective Order, Bacardi would have to show good cause as to why the Court should grant such an Order.  *Id.; see also Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 71, 76 (D.D.C. 1998) ("[T]he party seeking [a] protective order … bears the burden of showing good cause [as] contemplated by the Rule").  To show good cause, Bacardi will need to articulate <u>specific facts</u> to support its request, and cannot rely on speculative or conclusory statements. *Centinela I* at *4; *Alexander*, 186 F.R.D. at 75.

> Moreover, the Court already has ruled that:

> Reading the three motions and the attached exhibits as a motion for issuing a protective order, this Court could not find what could amount to a claim of harm that would be suffered by either side, should the protective order not be granted.

In particular, upon reading the parties proposed stipulated protective order, the Court would need to speculate to determine what general harm may occur if the alleged "confidential material" became public. Thus, this Court need not even reach a decision weighing the burdensomeness against the need for the information because there are not enough facts to support such a motion. Interpreting each party's motions and attached exhibits as motions for a protective order, this Court denies this part of the motion.

*Centinela I* at \*5 – 6 (citations omitted).

Since the Court has denied granting a blanket protective order, and Bacardi refuses to sign the parties' Stipulated Protective Order, Bacardi should be directed to produce all the documents it is withholding based upon the unjustified claim of confidentiality.[4]

## B.    Producing Documents in Compliance with Rule 34(b), Fed. R. Civ. P.

Centinela has reviewed the documents produced by Bacardi to date.  Bacardi has served incomplete responses to Centinela's document requests, and the documents that have been produced are scattershot.  Bacardi has two alternative methods to produce documents.  Bacardi could "produce them as they are kept in the usual course of business or [could] organize and label them to correspond with the categories in the request."  Rule 34(b)(i), Fed. R. Civ. P.  From Centinela's review of Bacardi's documents, Bacardi did not produce them as they are kept in the usual course of business.  For example, there would have been copies of file folder covers or some other indicia of how the documents were kept.  None of this information was produced.  Bacardi also did not organize and label its documents to correspond to Centinela's document requests.  Centinela requests that the Court direct Bacardi to supply a list (by Bates numbers) of the documents it has produced and will produce according to the categories of Centinela's document requests.  *See e.g., Stiller v. Arnold*, 167 F.R.D. 68, 71 (N.D. Ind. 1996) (determining

---

[4] Centinela observes that, according to Bacardi's "confidentiality" log, Hudis Decl., Ex. D, Bacardi's alleged confidential documents have been collected, organized, numbered, and have been sitting in the offices of Bacardi's litigation counsel for an untold period of time.

that plaintiff violated Rule 34(b) by producing 7,000 pages of unorganized documents and requiring plaintiff to organize and label them).

### C.     Responses to Centinela's Interrogatories Nos. 2 and 3

Bacardi's still outstanding deficient answers to Centinela's interrogatories are listed below, with Bacardi's supplemental answers, Hudis Decl., Ex. E, and Bacardi's representation (through counsel) after the parties' April 20, 2007 telephone conference. Hudis Decl., Ex. C.

> ### *INTERROGATORY NO. 2*
> *Identify all agreements (including but not limited to, licenses, permissions or consents) entered into and/or negotiated (but not consummated) between Defendant and any other persons or entities regarding the use in commerce of any of Defendant's Marks, and identify those documents regarding each such agreement(s).*
>
> ### *SUPPLEMENTAL ANSWER*
> *Defendant entered into an agreement with Bacardi U.S.A., Inc. previously produced as document number 1128. Defendant also entered into an agreement with Bacardi International Limited in which it licensed its CAZADORES trademark. The specific terms of the license agreement are confidential and when a suitable protective order is entered into between the parties, this license agreement will be produced pursuant to the terms and conditions of said protective order. Defendant has also entered into agreements to use the CAZADORES mark with Tequila Cazadores de Arandas srl and Bacardi y Compania. These agreements are recorded and available at the Mexican Industrial Property Office and therefore, a matter of public record.*
>
> ### *REPRESENTATION*
> *In connect with your comments re our responses to Interrogatory No. 2 (your point 4a), these documents do not directly relate to use of the mark CAZADORES in the U.S. We also point out, though, that the judge noted at page 19 of his opinion re discovery that "[t]ypically, courts do not order discovery of public records which are equally accessible to all parties." These documents are public records. We have produced copies of the relevant documents as the same are in our own files.*

Of the four documents identified in Bacardi's amended answer, one has been produced, one is improperly held on the grounds of confidentiality, and the remaining two are claimed to be "public documents" that Bacardi refuses to produce. As previously stated, Bacardi's claim of confidentiality is unjustified and the document referred in the interrogatory answer should be

produced.  The purportedly "public" documents are foreign documents, not public documents available in the U.S., and therefore are not "equally accessible to all parties."  Bacardi should be required to produce them.

### INTERROGATORY NO. 3
*Identify each marketing investigation (such as a survey, study and/or focus group inquiry) conducted by or on behalf of Defendant, or its predecessor in interest, in the United States regarding confusion, likelihood of confusion, dilution or likelihood of dilution as between Defendant's Goods bearing any of Defendant's Marks and Plaintiff's Goods bearing Plaintiff's Mark.*

### SUPPLEMENTAL ANSWER
*Defendant objects to this interrogatory to the extent that it calls for information or documentation that seeks attorney work-product.  Notwithstanding the same, a marketing investigation was conducted on behalf of Defendant by Dr.  Sandra Cogan on the likelihood of confusion between Defendant's Mark as used on Defendant's Goods and Plaintiff's Mark as used on Plaintiff's goods in the marketplace.*

### REPRESENTATION
*In connection with point 4b [Interrogatory No. 3],  there are no non-privileged or non-attorney-work product documents that exist.*

Bacardi admits that the Dr. Cogan's survey was done for Bacardi.  However, there is no indication that Bacardi's counsel had any role in its commission.  Therefore, privilege is not reasonably implicated.   In fact, Dr. Cogan's survey does not appear on Bacardi's "confidentiality" log or privilege log.  Hudis Decl., Exs. D and F.   Therefore, there is no claim of privilege because Bacardi did not comply with Rule 26(b)(5)(A), Fed. R. Civ. P.  This is also in violation of the Court's March 29, 2007 Order where the Court stated "[f]urthermore, if Bacardi is to claim that the response to the interrogatory is confidential or privileged, Bacardi must comply with *Rule 26(b)(5)* which states that when a party is claiming a privilege or protection, the party shall describe the nature of the materials in a way that will enable the other parties to assess the applicability of the privilege or protection. *See Fed.R.Civ. P. 26(b)(5)*."

*Centinela I* at *19.   Absent any valid claim of privilege that has not been waived, Centinela requests that the Court direct Bacardi to produce all documents relating to the Cogan survey.

## IV.   REQUEST FOR SANCTIONS

The Court warned "that with the involvement of the courts, upon the issuance of this order, failure to take appropriate action with regards to the *Rule 30(b)(6)* witnesses, or any other issues the Court rules on during the process of discovery, may be punished under *Rule 37(b)(2)* or any other applicable rule." *Centinela I* at *11 (citations omitted) "[T]he Court need not fire a warning shot over the bow of a party before doing so." *Id.*   Bacardi's continued willful refusal to comply with Centinela's discovery requests and this Court's March 29, 2007 Discovery Order warrants the imposition of sanctions.

Rule 37(b)(2), Fed. R. Civ. P., permits the Court to use such orders "as are just" to sanction a party that "fails to obey an order to provide or permit discovery." A production order is generally needed to trigger Rule 37(b), Fed. R. Civ. P. *Shepherd v. American Broad. Cos.,* 62 F.3d 1469, 1474 (D.C. Cir. 1995).   The Court's March 29, 2007 Order required Bacardi to "produce documents responsive to Centinela's Requests for Documents and Things Nos. 4, 7, 8, 10, 12-15, 18-28, and 36-38 to the extent that the information exists, is not contained in a public record or privileged."   Court Docket No. 31, p. 2.   There was no provision in the Court's Discovery Order for Bacardi to withhold documents on the grounds of confidentiality.   In fact, the Court refused to grant a protective order to shield Bacardi's alleged "confidential" documents from production.   *Centinela I* at *6.   However, Bacardi has willfully refused to comply with the Court's Discovery Order.

The Court already has determined that Centinela's document requests listed above are relevant to its remaining claims.   *Centinela I* at *23 – 25.   The Court stated that "the relevancy of these production requests is self-evident and thus will not make Centinela expend either their

resources, or the resources of the Court, in explaining their relevancy." *Id.* at *25. Beyond the

specific documents that Bacardi was ordered to produce, there are documents that Bacardi is

withholding that are relevant to Centinela's other document requests.  For example, Bacardi is

withholding a 600-page grouping of documents that is listed on Bacardi's "confidentiality" log

as "CAZADORES Acquisition documents binder." Hudis Decl. Ex. A, p. 8., Ex. D. at p. 16.

This is directly relevant to Centinela's claim that Bacardi lacks standing in the Opposition

proceedings below.  In the Opposition, Bacardi relied on its ownership of the federally registered

CAZADORES mark and its common law U.S. trademark rights in the CAZADORES mark.

However, Bacardi is withholding documents that will prove or refute its claim of ownership.[5]

Bacardi should be sanctioned for this willful conduct.

The Court has a wide range of remedies to sanction this contumacious behavior,

including but not limited to:

> (A)-- An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B)-- An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C)-- An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

Rule 37(b)(2)(a)-(c), Fed. R. Civ. P., *see e.g., Jankins v. TDC Management Corp., Inc.,* 21 F.3d

436, 444 (D.C. Cir. 1994) (defendants were barred from presenting evidence to refute plaintiff's

---

[5] In the Board's Order of October 19, 2004 (located at http://ttabvue.uspto.gov/ttabvue/, Opposition No. 91/125,436, Docket No. 52) at p.4, the Board stated:  "Through the chain of title, opposers have established that they have a real interest in this proceeding and, therefore, they have established their standing to pursue this opposition.  (Citation omitted.)  This is so even though there may be some question about…[the company names in the chain of title]." Centinela repeatedly questioned Bacardi's chain of title to the CAZADORES & DEER Design marks in the Opposition from 2002 to 2004.  For the first time in mid-2007, it is now apparent that Bacardi has been jealously hiding key documents from disclosure to prevent the truth of the validity of its chain of title to the CAZADORES & DEER Design marks from becoming known.

proof on three separate issues when they failed to produce court ordered documents on those issues).

In addition, the Court may order the sanctioned party "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  Rule 37 (b)(2), Fed. R. Civ. P., last paragraph; *see e.g., Monroe v. Ridley,* 135 F.R.D. 1, 8 (D.D.C. 1990) (imposing monetary sanctions).

For Bacardi's sanctionable conduct, Centinela requests the following:

(1)     an Order establishing the fact that Bacardi has failed to show a valid chain of title of the acquisition of CAZADORES & DEER Design marks from Grupo Industrial Tlajomulco S.A. de C.V. f/k/a Tequila Cazadores S.A. de C.V. to Bacardi or any other Bacardi entity;

(2)     an Order refusing to allow Bacardi to oppose Centinela's claim that Bacardi does not have standing to maintain the Opposition;

(3)     an Order striking Bacardi's Third, Sixth, Eighth, Ninth, and Tenth Affirmative Defenses to the extent that they are based upon Bacardi's ownership of the CAZADORES and/or DEER Design marks and Bacardi's standing to maintain the Opposition proceedings below;

(4)     an Order awarding Centinela's reasonable expenses, including attorney's fees, related to this Motion and Centinela's previous Motion to Compel Discovery; and

(5)     any other sanction that the Court deems appropriate.

## V.     REQUEST TO AMEND SCHEDULING ORDER

Pursuant to Rules 6(b) and 16(b), Fed. R. Civ. P., Centinela requests that the Court amend the Scheduling Orders of March 7, 2005 and March 29, 2007 to extend the discovery

period by 90 days following the Court's decision on this Motion.  Centinela needs the extra time to complete discovery because of Bacardi's unjustified refusal to produce numerous documents responsive to Centinela's requests, and (as a result) the postponement of Centinela's Rule 30(b)(6), Fed. R. Civ. P., deposition of Bacardi.  *See also*, Rule 37(b)(2)(C) (providing for "[a]n order … staying further proceedings until the order is obeyed").

## VI.    CONCLUSION

Bacardi has willfully disobeyed the Court's March 29, 2007 Discovery Order by withholding relevant documents responsive to Centinela's document requests under the unjustifiable claim of confidentiality.  Bacardi refuses to sign the parties' Stipulated Protective Order (which would have ensured the confidentiality of its documents) and to date has not specifically requested the Court to issue a Protective Order.  In any case, the Court did not see the need for a Protective Order in its rulings of March 29, 2007.   Centinela requests that the Court order the immediate production of all documents Bacardi is withholding under the unjustifiable claim of confidentiality.

For the documents Bacardi has produced, it did not comply with Rule 34(b), Fed. R. Civ. P.  Centinela requests that the Court direct Bacardi to provide (by Bates numbers) a list of documents produced, and that will be produced, corresponding to the categories in Centinela's document requests.

Centinela also requests that the Court direct Bacardi to respond in full to Centinela's Interrogatories Nos. 2 and 3, which includes producing all documents Bacardi referred to in its answers to date.

Finally, Bacardi should be sanctioned for its willful contumacious behavior.  Centinela requests the following:

(1)      an Order establishing that Bacardi has failed to show a valid chain of title of the acquisition of CAZADORES & DEER Design marks from Grupo Industrial Tlajomulco S.A. de C.V. f/k/a Tequila Cazadores S.A. de C.V. to Bacardi or any other Bacardi entity;

(2)      an Order refusing to allow Bacardi to oppose Centinela claim that Bacardi does not have standing to maintain the Opposition;

(3)      an Order striking Bacardi's Third, Sixth, Eighth, Ninth, and Tenth Affirmative Defenses to the extent that they are based upon Bacardi's ownership of the CAZADORES and/or DEER Design marks and Bacardi's standing to maintain the Opposition proceedings below; and

(4)      an Order awarding Centinela's reasonable expenses, including attorney's fees, related to this Motion and Centinela's previous Motion to Compel Discovery; and

(5)      any other sanction that the Court deems appropriate.

Discovery is scheduled to close on June 29, 2007.  Due to Bacardi's delays and failure to fully respond to Centinela's outstanding discovery requests, Centinela requests that the Court vacate the June 29, 2007 discovery deadline and re-set the close of discovery for 90 days following the Court's decision on this Motion.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

16

Respectfully submitted,

OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, P.C.

Dated: <u>May 7, 2007</u>          By:     <u>s/                                      </u>
                                         Jeffrey H. Kaufman (D.C. Bar No. 955286)
                                         Jonathan Hudis (D.C. Bar No. 418872)
                                         1940 Duke Street
                                         Alexandria, Virginia  22314
                                         Telephone: (703) 413-3000
                                         Facsimile: (703) 413-2220
                                         JKaufman@oblon.com
                                         JHudis@oblon.com

                                         Attorneys for Plaintiff
                                         TEQUILA CENTINELA, S.A. de C.V.

JHK/JH/KDW/cli {I:\ATTY\JHK\CENTINELA\APPEAL\PLEADINGS\CENTINELA 2D MOTION TO COMPEL\238444-263863US-MOT-SANC.DOC}

17

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY AND TO AMEND SCHEDULING ORDER AND DISCOVERY PLAN AND MOTION FOR SANCTIONS, DECLARATION OF JONATHAN HUDIS, AND [PROPOSED] ORDER** were served on counsel for Defendant, this 7th day of May, 2007, by Electronic Case Filing and by sending same via First Class mail, postage prepaid, to:

Vincent M. Amberly, Esquire
Janice W. Housey, Esquire
ROBERTS, MLOTKOWSKI & HOBBES, P.C.
8270 Greensboro Drive
Suite 850
McLean, Virginia 22102

s/_____