UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEQUILA CENTINELA, S.A. de C.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-02201 (RCL) |
| ) | |
| BACARDI & COMPANY LIMITED ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

I.   INTRODUCTION

This matter comes before the Court on plaintiff Tequila Centinela's ("Centinela") Second Motion [35] to Compel Discovery and for Sanctions. Upon consideration of plaintiff's motion, defendant's opposition [38] thereto, plaintiff's reply [40] brief, defendant's sur-reply [42], the applicable law, and the record herein, the Court concludes that plaintiff's Second Motion to Compel will be GRANTED IN PART and DENIED IN PART.

II.   BACKGROUND

On March 29, 2007, this Court granted in part and denied in part Centienla's First Motion [14] to Compel Discovery. (Order at 1-2.) As a result, Bacardi had to provide the following discovery requests to Centinela by April 12, 2007: a log of documents withheld due to claims of confidentiality, privilege, or attorney work product; a knowledgeable representative or representatives under Federal Rule of Civil Procedure 30(b)(6) for deposition; full and complete responses to Centinela's Interrogatories Nos. 2 and 3 provided that such information is not

1

privileged; documents responsive to Centinela's Requests for Documents and Things Nos. 4, 7, 8, 10, 12-15, 18-28, and 36-38 to the extent required by the Court's opinion; and full and complete responses to Centinela's Requests for Admissions Nos. 31-42, 61 and 62. (*Id.*) The Court declined to compel Bacardi to produce Centinela's additional discovery requests. (*Id.* at 2.)

Following the Court's March 29, 2007 order, counsel for both parties entered into a dialogue to ensure that Bacardi complied with the order. (*See* Pl.'s Second Mot. to Compel at 5.) On April 12, 2007, Bacardi produced all discovery materials required by the Court's order. (Def.'s Opp'n at 2.) Bacardi provided separate confidentiality and privilege logs of withheld documents, supplemental responses to both Centinela's Interrogatories and Requests for Production of Documents and Things, a representative to depose, and supplemental responses to Centinela's request for admissions. (*Id.*)

Dissatisfied with the supplemental discovery responses, Centinela continued its dialogue with Bacardi until April 25, 2007 in an attempt to resolve the deficiencies without court intervention. (*See* Hudis Decl., Exs. A-C.) Centinela alleges that Bacardi has improperly withheld confidential documents, failed to produce documents in compliance with Rule 34 of the Federal Rules of Civil procedure, and provided incomplete answers to Interrogatories Nos. 2 and 3. (*See* Pl.'s Second Mot. to Compel at 8-12.) Despite their efforts, the parties could not resolve the deficiencies. (*See id.* at 5-7.) As a result, Centinela filed this Second Motion [35] to Compel Discovery to remedy the alleged inadequacies of Bacardi's responses. (*Id.* at 7.)

III.   DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure states that a "party, upon reasonable

notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). Pursuant to Rule 37, Centinela brings this motion [35] before the Court to compel Bacardi to comply with the Court's March 29, 2007 order and for sanctions. Specifically, Centinela requests the Court to: (1) order Bacardi to disclose all documents withheld on the basis of confidentiality; (2) order Bacardi to comply with Federal Rule of Civil Procedure 34(b) and supply a list of the documents Bacardi has produced and will produce which corresponds to the categories of Centinela's document requests; (3) order Bacardi to provide full and complete answers to Interrogatories Nos. 2 and 3; (4) sanction Bacardi for its failure to comply with the Court's March 29, 2007 Order; and (5) extend the discovery period ninety days from the date of this order. (*See* Pl.'s Second Mot. to Compel at 15-16.)

    1.    Confidential Documents

If a party wishes to prevent the disclosure of confidential documents, the party may motion the court for a Protective Order. Fed. R. Civ. P. 26(c). Here, Bacardi did not move for a Protective Order to prevent the disclosure of its confidential documents. (*See* Pl.'s Second Mot. to Compel at 8.) Rather, Bacardi withheld all 292 documents from discovery under a claim of confidentiality. (*See id.* at 5.) As a result, in its motion [35], Centinela asks the Court to compel Bacardi to produce all documents withheld on the basis of confidentiality because the documents are relevant and improperly withheld. (*See id.* at 5, 8.) Moreover, Centinela contends that Bacardi could remedy this dispute if they sign the Stipulated Protective Order to protect the confidentiality of the documents. (*See id.* at 8.)

After Centinela filed its motion [35], Bacardi produced all documents withheld on the basis of confidentiality and returned a signed copy of the parties' Stipulated Protective Order to Centinela.  (Pl.'s Reply Mem. at 1.)  Accordingly, the Court finds that Centinela's request to compel the production of Bacardi's confidential documents is DENIED as moot.

    2.       Compliance with Rule 34(b)

When a party is requested to produce documents for inspection pursuant to Federal Rule of Civil Procedure 34, the party "shall produce them as they are kept in the usual course of business or shall organize and label them to correspond to the categories in the request."  Fed. R. Civ. P. 34(b).  In accordance with the Court's March 29, 2007 Order, Bacardi served responses to Centinela's document request on April 12, 2007.  (*See* Def.'s Opp'n at 2.)  The documents produced, however, were "scattershot" and not produced as they were kept in the usual course of business.  (Pl.'s Second Mot. to Compel at 9.)  Nor organized and labeled corresponding to Centinela's requests as Rule 34 requires.  (*Id.*)  As a result, Centinela requests this Court to order Bacardi comply with Rule 34 and supply a list of the documents produced corresponding to Centinela's requests.  (*See id.*)

After Centinela filed this motion [35], Bacardi provided Centinela with a list of the documents produced corresponding to Centinela's document requests.  (*See* Pl.'s Reply Mem. at 1.)  Therefore, Bacardi is now in compliance with Rule 34(b).  Accordingly, the Court finds that Centinela's request for a list of documents which correspond to its document requests  is DENIED as moot.

    3.       Interrogatories Nos. 2 and 3

Rule 33 of the Federal Rules of Civil Procedure requires a party to answer interrogatories fully unless the party objects to the interrogatory. *See* Fed. R. Civ. P. 33(a). The Court's March 29, 2007 order overruled Bacardi's objections to Interrogatories Nos. 2 and 3 and required Bacardi to serve full and complete responses to both Interrogatories provided that the information is not confidential, privileged, or work product. (Order at 1-2.) After reviewing Bacardi's supplemental responses, Centinela argues that Bacardi's supplemental responses to Interrogatories Nos. 2 and 3 are deficient and asks this Court, pursuant to Rule 37, to compel full and complete responses to the Interrogatories. (Pl.'s Second Mot. to Compel at 10-12.)

Centinela contends that Bacardi's response to Interrogatory No. 2 is deficient because only one of the four documents identified in Bacardi's response has been produced. (*Id.* at 10.) One document was withheld due to confidentiality, and the other two documents were not produced because they are public documents on record in Mexico. (*Id.*) Since Centinela filed its motion [35], Bacardi has produced the confidential document. Moreover, Bacardi has assured Centinela that the public documents on record in Mexico are not relevant to this litigation. (Hudis Decl., Ex. C.) Due to the fact that the documents on record in Mexico are not relevant, Centinela does not require their production. (*Id.* at Ex. B.) Therefore, Centinela has all documents relevant to Interrogatory No. 2.

Bacardi, however, has not supplemented this Interrogatory with a formal response. (Pl.'s Reply Mem. at 8.) Accordingly, this Court ORDERS Bacardi to provide a full and complete formal response to Centinela's Interrogatory No. 2.

Furthermore, Centinela argues that Bacardi's response to Interrogatory No. 3 is deficient

because Bacardi has failed to produce the materials surrounding a marketing investigation conducted by Dr. Sandra Cogan which were not present on Bacardi's privilege log. (Pl.'s Second Mot. to Compel at 11.) In the Court's March 29, 2007 opinion, the Court declared that if Bacardi claims that its answers to Interrogatories Nos. 2 and 3 are privileged or confidential, Bacardi must comply with Rule 26(b)(5).[1] (Mem. Op. at 11.)

Bacardi initially failed to place all of the activities surrounding Dr. Cogan's survey on either its confidentiality or privilege log as required by Rule 26(b)(5). (Hudis Decl., Exs. D, F.) Then, following the filing of Centinela's second motion [35] to compel, Bacardi updated its privilege log to include all communications pertaining to Dr. Cogan's survey as attorney work product. (Hudis Suppl. Decl., Ex. J.) Bacardi's failure to include all communication with Dr. Cogan on its initial privilege log, however, does not warrant a waiver of attorney work product. *See United States v. Phillip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003) (explaining that waiver of privilege is a serious sanction reserved for extreme circumstances). Rather, less severe sanctions, such as reasonable costs associated with filing the motion to compel, are more appropriate and will be discussed later in this memorandum. *See Banks v. Office of the Senate Sergeant-At-Arms*, 226 F.R.D. 113, 117 (D.D.C. 2005) (explaining that a court may award costs

---

[1]Rule 26(b)(5) provides:

> When a party withholds information otherwise discoverable . . . by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5).

if the court finds that waiver of privilege was disproportionate to the harm caused). Therefore, the Court finds that the survey communications are attorney work product and immune from discovery.

Work product, however, is not absolute. A party may discover documents for which work product is claimed "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3). The Court finds that Centinela is unable to meet this burden. Centinela has not demonstrated a substantial need because Centinela has not attempted to obtain the information by other means, such as deposing Dr. Cogan. (*See* Def.'s Sur-Reply at 4.) In addition, Centinela would not suffer undue hardship if it obtained the information from another source. (*See id.*)

Moreover, the Court finds Centinela's argument that Bacardi substantially increased Centinela's opportunity to obtain the information surrounding Dr. Cogan's unpersuasive. Bacardi's disclosure was in compliance with the Court's March 29, 2007 order. (Def.'s Sur-Reply at 3.) In addition, Bacardi's disclosure is distinguishable from a disclosure to a third party which does waive a claim of work product. *See Behnia v. Shapiro*, 176 F.R.D. 277, 280 (N.D. Ill. 1997) (explaining that disclosure of a document to a third party for which work product is claimed waives the document's immunity from discovery). Therefore, the Court finds that Bacardi's description of the materials protected by work product did not waive the claim of work product immunity.

Accordingly, the Court finds that all communications between Bacardi and Dr. Cogan

which appear on Bacardi's supplemental non-production log are immune from discovery. In addition, Bacardi assures the Court that all documents responsive to Interrogatory No. 3 have been produced, do not exist, or are protected under attorney client privilege or work product. Therefore, the Court DENIES Centinela's request to compel Bacardi to respond in full to Interrogatory No. 3.

    4.    Sanctions

In its motion [35], Centinela asks the Court to sanction Bacardi for its failure to comply with the Court's March 29, 2007 order. (Pl.'s Second Mot. to Compel at 14.) If a party moving to compel is victorious or the opposing party discloses the documents after the motion was filed, the court shall award reasonable expenses unless withholding disclosure was substantially justified. *See* Fed. R. Civ. P. 37(a)(2)(4)(A). In addition, failure to obey a discovery order may warrant additional sanctions. *See* Fed. R. Civ. P. 37(b)(2) (providing various sanctions, including costs, which a court may impose for failure to obey a discovery order).

Pursuant to Rule 37, the Court finds that Centinela shall be awarded reasonable costs associated with filings its motion [35] to compel for the following reasons. Bacardi only provided the Stipulated Protective Order, confidential documents, and list of documents produced corresponding to Centinela's document requests after Centinela filed this motion [35]. (Pl.'s Reply Mem. at 3.) In addition, Centinela is victorious in its motion [35] to compel Bacardi to respond fully to Centinela's Interrogatories No. 2. Furthermore, although the Court did not waive Bacardi's work product immunity concerning Interrogatory No. 3, sanctions are appropriate for Bacardi's failure to include all communication on its initial non-production log.

*See Banks,* 226 F.R.D. at 117 (finding that reasonable costs were an appropriate sanction when waiver of privilege was disproportionate to the harm caused). Moreover, Bacardi is unable to provide a substantial justification for its discovery failures.

Bacardi was not substantially justified in withholding the disclosure of the confidential documents until after Centinela filed its second motion to compel because Bacardi had signed the parties' Stipulated Protective Order over a year before Centinela filed this second motion to compel. (Hudis. Suppl. Decl., Ex. G.) Bacardi contends that the delay was the byproduct of a dispute concerning Centinela's signatory. (Pl.'s Reply Mem. at 4.) Any disagreement concerning Centinela's signatory, however, should have been resolved long before Bacardi returned the signed Stipulated Protective Order and without requiring intervention from the Court.

In addition, Bacardi was not substantially justified in failing to produce a list of documents produced which correspond's to Centinela's document. Rule 34 requires a party to either produce documents as they are kept in the usual course of business or organize and label the documents to correspond to the categories of the request. Fed. R. Civ. P. 34(b). Bacardi contends that complying with the Court's March 29, 2007 order did not require Bacardi to comply with Rule 34. (Def.'s Opp'n at 3.) When the Court ordered Bacardi to produce documents, however, the Court intended, and indeed expected, Bacardi to comply with Rule 34. If Bacardi complied with Rule 34 when it produced the documents responsive to Centinela's requests, Centinela would not have had to file its second motion to compel.

Last, Bacardi is not substantially justified in failing to comply with the Court's March 29,

2007 order to provide a full and complete response to Interrogatory No. 2 and a complete non-production log.  Bacardi does not offer any substantial justification for failing to provide a full and complete response to Interrogatory No. 2.  In addition, Bacardi does not provide a substantial justification for neglecting to include on its initial non-production log all communications with Dr. Cogan that corresponded to Interrogatory No. 3.  If Bacardi had fully complied with the March 29, 2007 order, Centinela would not have been forced to incur legal fees for litigating this matter.

Accordingly, the Court orders that Bacardi pay Centinela reasonable attorney fees associated with filing Centinela's motion [35].  Centinela shall brief the Court within ten days of this order as to the reasonable costs incurred in litigating this motion.  Bacardi shall have ten days from the date of Centinela's filing to respond.

      5.      Extension of Discovery

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Centinela requests the Court to extend discovery an additional ninety days from that date of this order.  (Pl.'s Second Mot. to Compel at 14-15.)  Bacardi does not oppose Centinela's request to extend discovery.  (Def.'s Opp'n at 2.)  Accordingly, the Court will GRANT Centinela's request to extend discovery ninety days from the date of this order.

IV.    CONCLUSION

For the above reasons, Centinela's motion [35] if GRANTED IN PART.  Specifically, it is

ORDERED that Centinela's request to compel Bacardi to provide a full and complete

response to Interrogatory No. 2 is GRANTED; it is further

ORDERED that Bacardi shall provide a full and complete response to Centinela's Interrogatory No. 2 within ten days of this order; it is further

ORDERED that Bacardi pay Centinela for reasonable attorney's fees associated with filing Centinela's Second Motion [35] to Compel.  Centinela shall brief the Court within ten days of the date of this order as to the reasonable costs associated with filing its Second Motion [35] to Compel.  Bacardi shall have ten days from the date of Centinela's filing to respond; and it is further

ORDERED that Centinela's request to extend discovery an additional ninety days from the date of this order is GRANTED.

For the above reasons, Centinela's motion [35] is DENIED IN PART.  Specifically, it is

ORDERED that Centinela's request to compel Bacardi to disclose all documents withheld on the grounds of confidentiality is DENIED as moot; it is further

ORDERED that Centinela's request to compel Bacardi to provide a list of all documents produced corresponding to Centinela's request for document production is DENIED as moot; and it is further

ORDERED that Centinela's request to compel Bacardi to provide a full and complete response to Interrogatory No. 3 is DENIED.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, June 28, 2007.