UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TEQUILA CENTINELA, S.A. de C.V.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 04-02201 (RCL) |
| ) | |
| **BACARDI & COMPANY LIMITED,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the defendant's Second Motion [45] to Compel Discovery and to have Certain Matters Deemed Admitted. Upon consideration of the defendant's motion, the plaintiff's opposition thereto, the defendant's reply brief, the applicable law, and the entire record herein, the Court concludes that the defendant's Second Motion to Compel will be GRANTED in part and DENIED in part. The Court's reasoning is set forth below.

## I. BACKGROUND

Defendant, Bacardi & Company Limited ("Bacardi") comes before this Court seeking an order to compel discovery from the plaintiff, Tequila Centinela, S.A. de C.V., ("Centinela"), and to have certain matters deemed admitted. The underlying case before the Court involves the review of the March 5, 2003, February 24, 2004, and October 19, 2004 Decisions and Orders of the Trademark Trial and Appeal Board (TTAB) to the extent they were adverse to Centinela. (Def's. 2d Mot. Compel at 2.) Centinela seeks review and reversal of the TTAB's: (1) grant of Bacardi's and joint opposer's motion for summary judgment in Opposition No. 91-125,436

("Opposition"), on their claim of fraud and finding that Centinela's "material misrepresentations made in connection with its application were fraudulent;" (2) denial of Centinela's motion to amend its application to narrow the identification of goods; (3) grant of Bacardi's motion to join as a party-plaintiff and finding that Bacardi has standing to bring and maintain the Opposition; and (4) grant of Bacardi's motion to amend the Notice of Opposition to assert a claim of fraud. (*Id.*)

On March 29, 2007, this Court denied Bacardi's first Motion to Compel Discovery for Bacardi's failure to comply with Local Civil Rule 7(m). On July 9, 2007, Bacardi filed this 2d Motion to Compel Discovery from Centinela on a number of discovery matters that remain in dispute.

## II. DISCUSSION

Bacardi seeks an Order from this Court: (1) directing Centinela to respond in full to Bacardi's Interrogatories Nos. 2 and 4; (2) directing Centinela to respond in full to Bacardi's First Set of Requests for Admission Nos. 44 and 45 and Bacardi's Second Set of Requests for Admission Nos. 55-62; (3) directing Centinela to respond in full and/or produce all documents responsive to Bacardi's Requests for Production of Documents and Things Nos. 2, 4–10, 13–14, 16, 20, 22, 28, 34, 40, and 42–43; (4) directing Centinela to produce a chart showing which confidential documents are responsive to which of Bacardi's Requests for Production of Documents and Things; and (5) deeming the subject matter of Bacardi's Third Set of Requests for Admission as admitted or, in the alternative, directing it to respond in full to Bacardi's Third Set

of Requests for Admission Nos. 64–95.[1]  (*See* Def's. 2d Mot. Compel at 30.)

### A. Legal Standard

Trial courts have considerable discretion when handling discovery matters.  *Food Lion Inc. v. United Food and Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997) (citing *Brune v. Internal Revenue Serv.*, 861 F.2d 1284, 1288 (D.C. Cir. 1988)).  The scope of discovery in civil actions is broad, allowing for discovery regarding any nonprivileged matter that is relevant to a claim or defense.  *See* FED. R. CIV. P. 26(b)(1).  The term relevance at the discovery stage is broadly construed to include information which is not admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  *See id*.  All discovery is subject, however, to the limitations imposed by Rule 26(b)(2)(C).  *See id*.  Furthermore, discovery of matters not "reasonably calculated to lead to the discovery of admissible evidence" are not within the scope of discovery.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) (internal citation omitted).

Rule 37 of the Federal Rules of Civil Procedure provides that a "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  FED. R. CIV. P. 37(a)(1).

### B. Sufficiency of Centinela's Responses to Bacardi's First Set of Interrogatories

Rule 33 of the Federal Rules of Civil Procedure provides that a party may serve on any other party interrogatories related to any matter that may be inquired into under Rule 26(b).  FED.

---

[1] The Court will address Bacardi's request to compel Centinela to respond in full to Bacardi's Third Set of Requests for Admission Nos. 64–95 in its discussion of Centinela's response to Bacardi's First and Second Sets of Admission Nos. 44 and 45, and 55–62, respectively.

R. Civ. P. 33(a)(2). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. *See* Fed. R. Civ. P. 33(b)(3). Bacardi claims that Centinela's responses to Interrogatory Nos. 2 and 4 are deficient and asks this Court, pursuant to Rule 37, to require Centinela to provide full and complete responses.

### 1.      Interrogatory No. 2

Bacardi's Interrogatory No. 2 asks Centinela to "[i]dentify all parties and/or persons that have any rights in Plaintiff's Mark." (Def's. 2d Mot. to Compel at 3.) Centinela objects that the language of Interrogatory No. 2 is overly broad, harassing, and unduly burdensome. Centinela's response, however, states that "Plaintiff is the entity that has rights in Plaintiff's Mark." (*Id.*) Bacardi claims that during a telephone conference with Centinela's counsel, Centinela represented that it owns all rights in Plaintiff's Mark. (*Id.* at 4.) Bacardi states that Centinela's representation would constitute a full and complete response to Interrogatory No. 2 if presented, in writing, as a response and verified by or on behalf of Centinela. (*Id.*)

"Once relevance has been established, the burden is on the party objecting to the interrogatories to show that the information sought is not readily available to it." *Alexander v. F.B.I.*, 192 F.R.D. 50, 53 (D.D.C. 2000) (internal citation omitted). "In order to satisfy its burden, the objecting party must make a specific, detailed showing of how the interrogatory is burdensome," or as here, how it is overly broad. *Id.* (internal citations omitted). First, upon reviewing Interrogatory No. 2, this Court is satisfied that the interrogatory appears reasonably calculated to lead to admissible evidence on the issue of Centinela's right to register its Mark. Moreover, this Court finds that Centinela has failed to make a specific, detailed showing that the interrogatory is overly broad, harassing, or burdensome. The written response as submitted is

4

ambiguous and incomplete. Centinela's claim that it had rights in the Mark, fails to indicate whether Centinela in fact has *all* rights in the Mark. As such, this Court will order Centinela to provide an unambiguous statement identifying all those having any rights to Centinela's Mark. If Centinela owns all rights to the Mark, it should clearly state that fact.

### 2.    Interrogatory No. 4

Bacardi's Interrogatory No. 4 asks Centinela to "[i]dentify all uses made by Plaintiff or Plaintiff's affiliate, distributors, or the like, which compared Defendant's goods with Plaintiff's goods." (Def's. 2d Mot. to Compel at 5.) Centinela raises several different objections to the interrogatory. First, Centinela contends that the interrogatory is unclear by its use of the phrase(s) "Plaintiff's affiliate . . . " and "or the like . . . ." (*Id*.) Centinela further claims that Bacardi's use of the phrase "all uses" is overly broad, harassing, and unduly burdensome. (*Id*.) Further, Centinela objects to the interrogatory to the extent it calls for privileged, confidential, or proprietary information. (*Id*.) Centinela's written response indicates, however, that subject to its objections, it is "unaware of any public comparisons made between the parties' alcoholic beverage products." (*Id*.) According to Centinela, any private comparisons of the parties' products are confidential, privileged, or constitute work product. (*See* Pl's. Opp'n at 5.)

Bacardi claims that during a telephone conference, counsel for Centinela represented that it had no responsive documents. Bacardi further states in its reply that Centinela has since made a production of its confidential documents. In light of that production, Bacardi states that it assumes Centinela has produced all non-privileged documents responsive to Interrogatory No. 4, or that Centinela has no non-privileged responsive documents and no further response is warranted. This Court rejects Centinela's objections that the interrogatory is unclear, overly

broad, harassing, and burdensome. Centinela has made no specific showing of why Bacardi's inquiry is unreasonably burdensome. This Court is satisfied, however, that Centinela's written response sufficiently conveys that Centinela lacks knowledge of any public comparisons of the parties' products. As such, the only remaining issue as to Interrogatory 4 is whether Centinela has identified all confidential and privileged goods-comparison documents in its privilege log. This Court shall therefore direct Centinela to confirm that it has no non-privileged documents comparing the parties' products and that all responsive documents withheld on the basis of confidentiality or privilege have been identified in Centinela's privilege log.

### C. Sufficiency of Centinela's Responses to Bacardi's Requests for Admissions

Rule 36(a)(1)(A) of the Federal Rules of Civil Procedure allows a party to serve upon any other party a written request for admission of the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either. *See* FED. R. CIV. P. 36(a)(1)(A). A denial must fairly respond to the substance of the matter. FED. R. CIV. P. 36(a)(4). The requesting party may move to determine the sufficiency of an answer or objection. FED. R. CIV. P. 36(a)(6). Unless the court finds an objection justified, it must order that an answer be served. *Id*. The court may order either that the matter is admitted or that an amended answer be served. *Id*. In light of these portions of Rule 36, the Court now addresses Centinela's responses to Bacardi's requests for admission.

#### 1. Centinela's Response to Requests Nos. 44 and 45

Bacardi's Requests for Admission Nos. 44 and 45 relate to distribution of plaintiff's

goods.[2]  Centinela objects to each of the requests on the basis that Bacardi's definition of "Plaintiff's Goods" renders them compound inquiries.  (Def's. 2d Mot. to Compel at 6.)  According to Centinela, Application Serial No. 76/112,825 identified 19 different alcoholic beverages and/or types of alcoholic beverages.  (Pl.'s Opp'n at 9.)  Centinela claims that Bacardi's definition of "Plaintiff's Goods" is vague and multi-compound since it does not specify whether it seeks the goods identified in Centinela's trademark application as originally filed or as subsequently revised.  (*See id*.)  Accordingly, Centinela asks that the Court strike Request Nos. 44 and 45 as phrased and require Bacardi to revise and re-serve these requests.

Bacardi counters that no revision is required since each compound inquiry is separable into 19 identifiable alcoholic beverages.  "Compound requests that are capable of separation into distinct components and that follow a logical or chronological order . . . should be denied or admitted in sequence with appropriate designation or qualification."  *Diederich v. Dep't of the Army*, 132 F.R.D. 614, 621 (S.D.N.Y. 1990).  Centinela has failed to establish why it cannot provide an admission or denial for each of the 19 separate alcoholic products it identified in its application.[3]  For this reason, Bacardi's motion to compel as to Requests for Admission Nos. 44

---

[2] Request for Admission No. 44 reads: "Plaintiff's Goods are distributed by parties other than Plaintiff." (Def's. 2d Mot. to Compel at 6.)  Request for Admission No. 45 reads: "Haas Brothers is the sole U.S. distributor of Plaintiff's Goods sold under Plaintiff's Mark." (*Id*.)  Bacardi defines "Plaintiff's Goods" as "those goods offered, advertised and/or sold bearing Plaintiff's CABRITO & Design mark which is the subject of Application Serial No. 76/112,825, as amended, and/or those goods identified in Serial No. 76/112,825." (*Id*.)

[3] During opposition proceedings before the Trademark Trial and Appeal Board (the "Board"), Centinela's counsel moved for leave to narrow the application's identification of goods. (Pl.'s Opp'n at 9.)  Centinela contends that the Board's denial of its motion to amend its identification of goods is one of the subjects of the underlying action presently before this Court. (*Id*.)  Centinela provides no explanation, however, of why it cannot admit or deny in sequence each of the 19 alcoholic beverages it identifies in its original application.

and 45 is granted. This Court shall order Centinela to respond to each Request for Admission based upon the 19 alcoholic beverages which it identified in its originally filed Application Serial No. 76/112,825.

### 2. Centinela's Response to Requests Nos. 55–62

In its reply memorandum filed July 31, 2007, Bacardi withdrew its request for further responses to Requests for Admission Nos. 55–62. (*See* Def's. Reply at 3, n.1.) In light of Bacardi's withdrawal, this Court denies Bacardi's motion to compel as to Requests for Admission Nos. 55–62 as moot.

### 3. Centinela's Response to Requests Nos. 64–95

Bacardi claims in its motion to compel that Centinela failed to fully respond to Bacardi's Requests for Admission Nos. 64–95. (Def's. 2d Mot. to Compel at 27.) Bacardi now acknowledges, however, Centinela's service of its supplemental responses to these requests. (*See* Def's. Reply at 7.) This Court therefore denies Bacardi's motion to compel as to Requests for Admission Nos. 64–95 as moot. The Court will address the timeliness of Centinela's response to these requests in Part II.D. below.

### D. Sufficiency of Centinela's Responses to Bacardi's Production Requests

Rule 34 allows any party to serve on any other party a request to produce for the inspection of the requesting party, any designated documents or electronically stored information stored in any medium from which information may be obtained within the scope of Rule 26(b), that are in the possession, custody, or control of the party upon whom the request was served. *See* FED. R. CIV. P. 34(a)(1)(A). An objection to part of a request must specify the part and permit inspection of the rest. *See* FED. R. CIV. P. 34(b)(2)(C). In light of these portions of Rule

34, the Court now addresses Centinela's responses to Bacardi's requests to produce documents.

    **1.**    **Request No. 2**

At the time Bacardi filed its motion to compel, it alleged that Centinela failed to fully respond to Bacardi's Request for Production No. 2.  (*See* Def's. 2d Mot. to Compel at 11.)  In its reply memorandum, Bacardi now acknowledges Centinela's supplemental response to Request No. 2 stating that it has no responsive documents.  (*See* Def's. Reply at 7.)  As such, Bacardi's motion to compel Centinela's response to Request for Production No. 2 shall be denied as moot.

    **2.**    **Centinela's Objections to Requests Nos. 4–10, 13–14, 16, 20, 22, 34, 40, 42–43**

Centinela generally objects to Bacardi's Requests for Production Nos. 4–10, 13–14, 16, 20, 22, 34, 40, and 42–43 on the basis that they are overly broad, harassing, and unduly burdensome.  (*See* Def's. 2d Mot. to Compel at 12–25; Pl's. Opp'n at 31–33.)  Centinela further raises specific objections that some of the requests at issue call for cumulative document productions.  The Court will address Centinela's general objection first and then move to its specific objections.

    **a.**    **Centinela's General Objection that Bacardi's Requests for Production are Unduly Burdensome**

Centinela argues that Bacardi's use of the term "all" in its Requests for Production Nos. 4–10, 13–14, 16, 20, 22, 34, 40, and 42–43 imposes an undue burden on Centinela to produce irrelevant materials.  (*See* Pl's. Opp'n at 31.)  Centinela further asserts that its supplemental responses, and additional non-confidential and confidential documents produced after Bacardi filed its second motion to compel satisfy the production requests notwithstanding Centinela's

9

refusal to produce all responsive documents. (*See* Pl's. Opp'n at 30–31.) While this Court recognizes Centinela's supplemental responses and document production, Centinela is not relieved of its burden of demonstrating that further production of all remaining documents responsive to Bacardi's requests would be unreasonably cumulative or duplicative. Having examined Bacardi's Requests for Production Nos. 4–10, 13–14, 16, 20, 22, 34, 40, and 42–43, this Court is satisfied that the requests are relevant to the pending case and reasonably calculated to lead to the discovery of admissible evidence. As such, this Court shall order Centinela to supplement its production with any and all remaining responsive documents that have not yet been produced.

Additionally, with respect to Requests for Production Nos. 4, 14, and 34, Centinela states that it has no responsive documents, but conditions its response as being "subject to and without waiving the foregoing objections." (*See* Def's. Opp'n at 25, 27, 34). To the extent Centinela's assertion is the result of its refusal to conduct the necessary search to locate documents responsive to these requests, the Court shall order Centinela to conduct such necessary searches and produce any and all responsive documents located as a result. If, in fact, Centinela has already conducted a search for documents responsive to these requests and has located no such documents, it should so state.

                **b.**        **Centinela's Specific Objections to Requests for Production Nos. 5–9**

Bacardi's Requests for Production Nos. 5–9 seek documents regarding the first use of Centinela's CABRITO & GOAT Design Mark. Centinela has already produced some documents responsive to these requests but refuses to produce further documents on grounds that "[a]ny

further documents would be cumulative because they would only reflect the same first use of the mark." (Def's. Opp'n at 32). This Court disagrees. Centinela's objection suggests that it interpreted Bacardi's request as an inquiry into the date of first use of Centinela's Mark. Instead, Requests 5–9 seeks all documents containing information about the first use of the Mark. As such, Centinela must produce all documents responsive to these requests unless it makes a specific showing that the requests are unreasonably cumulative or duplicative. Centinela has failed to make such a showing here. Accordingly, Bacardi's motion to compel as to Requests for Production Nos. 5–9 shall be granted. This Court shall order Centinela to produce any and all remaining documents responsive to these requests.

> E. **Timeliness of Centinela's Responses to Bacardi's Requests for Admissions**

Under Federal Rule of Civil Procedure 36, a matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter and signed by the party or its attorney. *See* FED. R. CIV. P. 36(a)(3).

Bacardi claims that Centinela's responses to Bacardi's Third Requests for Admission were untimely and therefore asks this Court to strike the responses and deem the requests admitted. (*See* Def's. 2d Mot. to Compel at 26–27.) For the reasons set forth below, the Court finds that Centinela's responses were untimely but the Court will not deem the requests for admission to have been admitted. Bacardi served its Third Requests for Admission via mail on May 5, 2006. Three days later, and pursuant to this Court's scheduling order, discovery closed on May 8, 2006. Discovery was reopened by this Court in an order issued March 29, 2007. The Court's Order

extended discovery until June 29, 2007.  Centinela served its responses to Bacardi's Third Requests for Admission on June 8, 2007.

This Court reads its scheduling order to require that all discovery requests were to be propounded in sufficient time to allow the responding party to answer before the close of discovery.  Accordingly, Bacardi should have served its Third Requests for Admission no later than April 8, 2006 (30 days before the close of discovery).  Bacardi's requests were therefore untimely.  Centinela, however, filed no motion for a protective order permitting it not to respond to the untimely requests.  Further, when this Court entered its March 29, 2007 order extending the close of discovery until June 29, 2007, Centinela's responses to Bacardi's requests became due within 30 days of the Court's Order.  Instead of filing its responses within that time period, Centinela wrongly presumed that since Bacardi's requests were untimely, Centinela was under no obligation to respond by a date-certain.  As such, Centinela's responses, served on June 8, 2007, were untimely.  However, as Centinela correctly states, Rule 36 "has never been interpreted so woodenly" as to require that this Court to deem Bacardi's requests admitted.  *Banks v. Office of the Senate Sergeant-at-Arms & Doorkeeper*, 226 F.R.D. 113, 118 (D.D.C. 2005).  Rather, "the federal courts have permitted a party to answer the requests after the 30-day deadline has passed."  *Id*. (internal citations omitted).  There is therefore nothing that automatically requires that the requests for admission be deemed admitted merely because 30 days have transpired.  *Id*.  Accordingly, Bacardi's motion to deem the subject matter of Bacardi's Third Requests for Admission as admitted shall be denied.[4]

---

[4] Even if this Court ruled that Centinela's responses were untimely, Bacardi has set forth no evidence that it has been prejudiced by the delay or that it would be prejudiced if this Court permitted Centinela to withdraw and amend.

### F.      Centinela's Duty to Provide a Chart of its Additional Document Production

Bacardi claims in its motion to compel that Centinela failed to produce a chart identifying its confidential documents. Centinela has now produced an updated document production chart in conjunction with its opposition to Bacardi's motion. (*See* Hudis Decl., ¶ 10, Ex. G). The updated document production chart appears to identify confidential and non-confidential documents. Further, Bacardi makes no mention of the production chart or any deficiencies therein in its reply memorandum. Accordingly, this Court shall deny Bacardi's motion to compel Centinela to produce an updated production chart as moot.

### III. CONCLUSION

For the foregoing reasons, this Court shall grant Bacardi's Second Motion to Compel in part and deny it in part. Centinela shall provide supplemental responses and production in accordance with this memorandum opinion and the Court's Order issued separately this date.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, on January 18, 2008.